## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ROSITA ENGLISH, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>v.<br><br>DANONE NORTH AMERICA PUBLIC BENEFIT CORPORATION,<br><br>               Defendant. | Civil Action No.  7:22-cv-05105-VB |

## DEFENDANT DANONE'S MEMORANDUM OF LAW IN
## <u>SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT</u>

Keara M. Gordon
Colleen Carey Gulliver
**DLA PIPER LLP**
1251 Avenue of the Americas
New York, New York 10020
Tel.: (212) 335-4500
Fax: (212) 335-4501
keara.gordon@dlapiper.com
colleen.gulliver@dlapiper.com

Haley D. Torrey (*pro hac vice* forthcoming)
**DLA PIPER LLP**
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, Pennsylvania 19103
Tel.: (215) 656-2436
Fax.: (215) 606-2058
haley.torrey@dlapiper.com

Kelsey Tavares (*pro hac vice* forthcoming)
**DLA PIPER LLP**
33 Arch Street, 26th Floor
Boston, Massachusetts 02110
Tel.: (617) 406-6070
Fax.: (617) 406-6100
kelsey.tavares@dlapiper.com

*Attorneys for Defendant*
*Danone North America Public Benefit Corporation*

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................... 1

FACTUAL BACKGROUND .............................................................................................................. 3

    A.    The Product ................................................................................................................. 3

    B.    The Plaintiff, Ms. English ......................................................................................... 4

STANDARD OF REVIEW ................................................................................................................ 4

ARGUMENT ..................................................................................................................................... 4

    I.    Danone Did Not Make a Material Misrepresentation ............................................... 5

        A.    No Reasonable Consumer Would Think "Delightfully Creamy" and "Coffee Creamer" Promises That the Product Contains Cream or Dairy .................................. 6

        B.    The Plaintiff Cannot Premise Her GBL Claims on a Purported Violation of an FDA Regulation .................................................................................................................... 8

        C.    The Ingredient List Dispelled Any Confusion as to Whether the Product Contained Cream or Dairy ............................................................................................................. 9

        D.    "Delightfully Creamy" Is Non-Actionable Puffery ................................................ 11

    II.    The Plaintiff Cannot Invoke New York's GBL ...................................................... 12

    III.    The Plaintiff's Fraud Claim Fails ............................................................................ 13

        A.    The Plaintiff Has Not Adequately Pled Fraudulent Intent ...................................... 13

        B.    The Plaintiff Has Not Adequately Plead Justifiable Reliance .................................. 14

    IV.    The Plaintiff's Breach of Express Warranty and Breach of Implied Warranty Claims Fail ........................................................................................................................... 15

        A.    The Plaintiff Did Not Provide Pre-Suit Notice ....................................................... 15

        B.    The Plaintiff Does Not Plead Privity ....................................................................... 16

        C.    The Product Was Fit for Human Consumption ........................................................ 17

        D.    The Fitness for a Particular Purpose Claim Fails for Several Additional Reasons .... 17

    V.    The Plaintiff's MMWA Claim Fails ....................................................................... 19

        A.    The Plaintiff Has Not Pled a Breach of Warranty Under State Law ........................ 19

        B.    The Challenged Statements Are Not Written Warranties ......................................... 19

    VI.    The Plaintiff's DTPA Claim Fails ........................................................................... 20

VII.    The Plaintiff's Unjust Enrichment Claim Fails ................................................................21

VIII.   The Plaintiff Cannot Assert Claims Under Other States' Consumer Fraud Statutes .....23

**CONCLUSION**................................................................................................................**25**

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advon Corp. v. Coopwood's Air Conditioning Inc.*,
   517 F. Supp. 3d 656 (S.D. Tex. 2021) ......................................................................20

*Am. Surgical Assistants, Inc. v. United Healthcare of Tex., Inc.*,
   2010 WL 1340557 (S.D. Tex. Mar. 30, 2010)...........................................................20

*Angeles v. Nestle USA, Inc.*,
   2022 WL 4626916 (S.D.N.Y. Sept. 30, 2022)..........................................................5, 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).......................................................................................................4

*Barreto v. Westbrae Nat., Inc.*,
   518 F. Supp. 3d 795 (S.D.N.Y. 2021)........................................................................13

*Bautista v. CytoSport, Inc.*,
   223 F. Supp. 3d 182 (S.D.N.Y. 2016)........................................................................21

*Blanks v. Ford Motor Credit*,
   2005 WL 43981 (N.D. Tex. Jan. 7, 2005) .................................................................21

*Boswell v. Bimbo Bakeries USA, Inc.*,
   570 F. Supp. 3d 89 (S.D.N.Y. 2021)..........................................................................10

*Bowling v. Johnson & Johnson*,
   65 F. Supp. 3d 371 (S.D.N.Y. 2014)..........................................................................19

*Brown v. Kerry*,
   2022 WL 669880 (S.D.N.Y. Mar. 7, 2020) ...............................................................11

*Brumfield v. Trader Joe's Co.*,
   2018 WL 4168956 (S.D.N.Y. Aug. 30, 2018)............................................................17

*Bui v. Chandler Cos., LLC*,
   2020 WL 1473908 (W.D. Tex. Mar. 26, 2020) ..........................................................13

*Cali v. Chrysler Grp. LLC*,
   2011 WL 383952 (S.D.N.Y. Jan. 18, 2011) ...............................................................19

*Campbell v. Drink Daily Greens, LLC*,
   2018 WL 4259978 (E.D.N.Y. Sept. 4, 2018) ...............................................................3

*Campbell-Clark v. Blue Diamond Growers*,
   2019 WL 10852810 (E.D.N.Y. Dec. 17, 2019) ...................................................................25

*Caronia v. Phillip Morris USA, Inc.*,
   715 F.3d 417 (2d Cir. 2013).............................................................................................17

*Catalano v. BMW of N. Am., LLC*,
   167 F. Supp. 3d 540 (S.D.N.Y. 2016).......................................................................16, 17, 18

*Chen v. Dunkin' Brands, Inc.*,
   954 F.3d 492 (2d Cir. 2020)...............................................................................................5

*Chung v. Pure Fishing, Inc.*,
   2022 WL 866769 (E.D.N.Y. Mar. 23, 2022) .......................................................................24

*Colella v. Atkins Nutritionals, Inc.*,
   348 F. Supp. 3d 120 (E.D.N.Y. 2018) ...............................................................................12

*Collishaw v. Coop. Regions of Organic Producer Pools*,
   2022 WL 3290563 (S.D.N.Y. Aug. 11, 2022) ......................................................................5

*Conboy v. AT&T Corp.*,
   241 F.3d 242 (2d Cir. 2001)...............................................................................................8

*Corder v. Ford Motor Co.*,
   297 F.R.D. 572 (W.D. Ky. 2014)......................................................................................23

*Correia v. Johnson & Johnson Consumer Inc.*,
   2019 WL 2120967 (C.D. Cal. May 9, 2019) ......................................................................23

*Cosgrove v. Blue Diamond Growers*,
   2020 WL 7211218 (S.D.N.Y. Dec. 7, 2020) ........................................................................8

*Cruz v. D.F. Stauffer Biscuit Co.*,
   2022 WL 4592616 (S.D.N.Y. Sept. 29, 2022)......................................................7, 10, 16, 17

*Devey v. Big Lots, Inc.*,
   2022 WL 6827447 (W.D.N.Y. Oct. 12, 2022) .................................................................1, 12

*Dwyer v. Allbirds, Inc.*,
   2022 WL 1136799 (S.D.N.Y. Apr. 18, 2022).......................................................................11

*Ebin v. Kangadis Food Inc.*,
   2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) .....................................................................21

*Fink v. Time Warner Cable*,
   714 F.3d 739 (2d Cir. 2013).......................................................................................4, 5, 9

*Fink v. Time Warner Cable*,
    810 F. Supp. 2d 633 (S.D.N.Y. 2011) ...................................................................................11

*Fink v. Time Warner Cable*,
    837 F. Supp. 2d 279 (S.D.N.Y. 2011) ...................................................................................22

*Franklin v. Apple Inc.*,
    569 F. Supp. 3d 465 (E.D. Tex. 2021) ...................................................................5, 20, 21

*In re Frito-Lay N. Am., Inc. All Nat. Litig.*,
    2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013) ................................................................19, 20

*Gedalia v. Whole Foods Mkt. Servs., Inc.*,
    53 F. Supp. 3d 943 (S.D. Tex. 2014) .....................................................................................9, 17

*Geffner v. Coca-Cola Co.*,
    928 F.3d 198 (2d Cir. 2019) .....................................................................................................5

*Gordon v. Sig Sauer, Inc.*,
    2020 WL 4783186 (S.D. Tex. Apr. 20, 2020) .........................................................................19

*Gould v. Helen of Troy Ltd.*,
    2017 WL 1319810 (S.D.N.Y. Mar. 30, 2017) .........................................................................24

*Green v. SweetWorks Confections, LLC*,
    2019 WL 3958442 (S.D.N.Y. Aug. 21, 2019) .........................................................................14

*Griggs v. State Farm Lloyds*,
    181 F.3d 694 (5th Cir. 1999) ..................................................................................................11

*Hidalgo v. Johnson & Johnson Consumer Cos.*,
    148 F. Supp. 3d 285 (S.D.N.Y. 2015) ...................................................................................21

*In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*,
    1 F. Supp. 3d 34 (E.D.N.Y. 2014) ........................................................................................25

*Hubbard v. Gen. Motors Corp.*,
    1996 WL 274018 (S.D.N.Y. May 22, 1996) ...........................................................................16

*Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*,
    505 F. Supp. 3d 137 (N.D.N.Y. 2020) .............................................................................17, 18

*Huston v. Conagra Brands, Inc.*,
    2022 WL 4647251 (C.D. Ill. Sept. 30, 2022) ....................................................................23, 24

*Jones v. Orgain, LLC*,
    2021 WL 4392783 (S.D.N.Y. Sept. 24, 2021) ............................................................. *passim*

*Kaufman v. Sirius XM Radio, Inc.*,
　751 F. Supp. 2d 681 (S.D.N.Y. 2010), *aff'd*, 474 F. App'x 5 (2d Cir. 2012) .......................... 12

*Kennedy v. Mondelez Glob. LLC*,
　2020 WL 4006197 (E.D.N.Y. July 10, 2020) .......................................................................... 15

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
　313 U.S. 487 (1941) ................................................................................................................... 4

*Koschene v. Hutchinson*,
　73 Va. Cir. 103 (2007) ............................................................................................................. 24

*Lee v. City of New York*,
　2005 WL 2365320 (S.D.N.Y. Sept. 22, 2005), *aff'd*, 181 F. App'x 55 (2d Cir.
　2006) .......................................................................................................................................... 23

*Lerner v. Fleet Bank, N.A.*,
　459 F.3d 273 (2d Cir. 2006) .................................................................................................... 13

*Lilani v. Noorali*,
　2011 WL 13667 (S.D. Tex. Jan. 3, 2011) ............................................................................... 21

*Lugones v. Pete & Gerry's Organic, LLC*,
　440 F. Supp. 3d 226 (S.D.N.Y. 2020) ..................................................................................... 15

*In re Lyman Good Dietary Supplements Litig.*,
　2018 WL 3733949 (S.D.N.Y. Aug. 6, 2018) .......................................................................... 18

*Marino v. Coach, Inc.*,
　264 F. Supp. 3d 558 (S.D.N.Y. 2017) ..................................................................................... 12

*Mazella v. Coca-Cola Co.*,
　548 F. Supp. 3d 349 (S.D.N.Y. 2021) ..................................................................................... 11

*MedARC, LLC v. Aetna Health Inc.*,
　2022 WL 1057085 (N.D. Tex. Feb. 3, 2022) .......................................................................... 13

*Melendez v. ONE Brand, LLC*,
　2020 WL 1283793 (E.D.N.Y. 2020) ........................................................................ 10, 11, 22, 23

*Millett v. TrueLink, Inc.*,
　533 F. Supp. 2d 479 (D. Del. 2008) ........................................................................................ 23

*Mosser v. Aetna Life Ins. Co.*,
　2018 WL 5728529 (E.D. Tex. Sept. 7, 2018) .......................................................................... 20

*Nelson v. MillerCoors, LLC*,
　246 F. Supp. 3d 666 (E.D.N.Y. 2017) ................................................................................... 3, 9

*In re New Motor Vehicles Canadian Exp. Antitrust Litig.*,
    350 F. Supp. 2d 160 (D. Me. 2004) ........................................................24

*Nicdao v. Chase Home Fin.*,
    839 F. Supp. 2d 1051 (D. Alaska 2012) ...........................................23, 24

*Oden v. Boston Sci. Corp.*,
    330 F. Supp. 3d 877 (E.D.N.Y. 2018) ..................................................12

*Parks v. Ainsworth Pet Nutrition, LLC*,
    377 F. Supp. 3d 241 (S.D.N.Y. 2019)...................................................12

*PDK Labs, Inc. v. Friedlander*,
    103 F.3d 1105 (2d Cir. 1997)................................................................8

*Quinn v. Walgreen Co.*,
    958 F. Supp. 2d 533 (S.D.N.Y. 2013)..............................................15, 16

*Reinbrecht v. Walgreen Co.*,
    16 Neb. App. 108, 115–16, 742 N.W.2d 243 (2007).............................24

*Roberts v. Bliss*,
    229 F. Supp. 3d 240 (S.D.N.Y. 2017)....................................................4

*Sanchez v. Allstate Vehicle & Prop. Ins. Co.*,
    2021 WL 5636695 (S.D. Tex. Dec. 1, 2021) .........................................21

*Santiful v. Wegmans Food Mkts., Inc.*,
    2022 WL 268955 (S.D.N.Y. Jan. 28, 2022) ..........................................10

*Shakeri v. ADT Sec. Servs., Inc.*,
    816 F.3d 283 (5th Cir. 2016) ...............................................................5

*Simington v. Lease Fin. Grp., LLC*,
    2012 WL 651130 (S.D.N.Y. Feb. 28, 2012)......................................24, 25

*Solak v. Hain Celestial Grp., Inc.*,
    2018 WL 1870474 (N.D.N.Y. Apr. 17, 2018) ........................................15

*Spurck v. Demet's Candy Co., LLC*,
    2022 WL 2971957 (S.D.N.Y. July 27, 2022) .................................7, 8, 13

*Szymczak v. Nissan N. Am., Inc.*,
    2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011) ........................................13

*Taliaferro v. Samsung Telecomms Am., LLC*,
    2012 WL 169704 (N.D. Tex. Jan. 19, 2012) .....................................19, 20

*Tears v. Bos. Sci. Corp.*,
 344 F. Supp. 3d 500 (S.D.N.Y. 2018)..................................................................18

*Tex. Processed Plastics, Inc. v. Gray Enters., Inc.*,
 592 S.W.2d 412 (Tex. Civ. App.—Tyler 1979, no writ).........................................16

*Torres v. Wilmington Tr.*,
 2015 WL 12791491 (S.D. Tex. July 24, 2015).........................................................14

*Turk v. Rubbermaid Inc.*,
 2022 WL 836894 (S.D.N.Y. Mar. 21, 2022) ...........................................................12

*Twohig v. Shop-Rite Supermarkets, Inc.*,
 519 F. Supp. 3d 154 (S.D.N.Y. 2021).......................................................................7

*U.S. Tire–Tech, Inc. v. Boeran, B.V.*,
 110 S.W.3d 194 (Tex. App.—Houston [1st District] 2003, no pet.)................15, 16

*Vasquez v. Soto*,
 61 A.D.3d 968 (2d Dep't 2009) ...............................................................................14

*Verzani v. Costco Wholesale Corp.*,
 2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010)...........................................................8

*Walker v. Cotter Props., Inc.*,
 181 S.W.3d 895 (Tex. App.—Dallas 2006, no pet.)................................................21

*In re Webber*,
 350 B.R. 344 (Bankr. S.D. Tex. 2006) ....................................................................14

*Williams v. Quest Diagnostics, Inc.*,
 353 F. Supp. 3d 432 (D.S.C. 2018)..........................................................................24

*Young v. Era Advantage Realty*,
 2022 MT 138, 409 Mont. 234, 513 P.3d 505 (2022) ...............................................24

*Zachmann v. Coleman Co.*,
 2022 WL 161480 (S.D.N.Y. Jan. 18, 2022) ................................................... *passim*

## Statutes

New York General Business Law §§ 349, 350.................................................... *passim*

Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ...................................2, 19

Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code §§ 17.41-17.63 ..................... *passim*

**Other Authorities**

Fed. R. Civ. P.12(b)(6)................................................................................................................4

## INTRODUCTION

This case is one of hundreds brought by the plaintiff's counsel, who has made "misleading labeling claims somewhat of a cottage industry," with the "vast majority" resulting in dismissal. *Devey v. Big Lots, Inc.*, 2022 WL 6827447, at *4 (W.D.N.Y. Oct. 12, 2022) (dismissing complaint) (collecting cases).  Like his other cases, this case largely involves the same recycled, boilerplate allegations that have failed many times before, and fail again here.

Danone North American Public Benefit Corporation ("Danone") sells a variety of coffee creamer products under the International Delight brand including its French Vanilla coffee creamer (the "Product").  (Compl. ¶ 1.)  The plaintiff, Rosita English ("Ms. English"), alleges that she made an unspecified number of purchases of the Product for an unspecified price.  She claims she paid an unspecified premium for the Product based on her subjective belief that the label statements "Delightfully Creamy" and "coffee creamer" meant the Product must contain cream or other dairy instead of a milk derivative—even though the Product lacks any representation that it contains cream or dairy, and the dictionary that the plaintiff relies upon in her Complaint defines creamer as "a ***nondairy product*** in powder or liquid form, made chiefly from corn syrup solids and used as a substitute for cream, especially for coffee cream."  Dictionary.com, https://www.dictionary.com/browse/creamer (last visited Oct. 24, 2022) (emphasis added).  And, just turning the Product over and looking at the ingredient list makes clear that the Product's main ingredients are water, sugar, and palm oil, and that the Product "CONTAINS 2% OR LESS OF: SODIUM CASEINATE* (A MILK DERIVATIVE)" and "*SODIUM CASEINATE IS NOT A SOURCE OF LACTOSE."

Ms. English attempts to assert nine claims based on this faulty premise: (1) violations of sections 359 and 350 of the New York General Business Law ("GBL"); (2) fraud; (3) breach of

express warranty; (4) breach of implied warranty of merchantability; (5) breach of implied warranty of fitness for a particular purpose; (6) violation of the Magnuson Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("MMWA"); (7) violations of Texas Business and Commerce Code §§ 17.41-17.63 ("DTPA"); (8) unjust enrichment; and (9) violations of unspecified "State Consumer Fraud acts."   All fail for the simple reason that Danone did not make any material misrepresentation (Section I).  Her claims also fail for the following additional reasons:

- The plaintiff cannot invoke the GBL because she did not purchase the Product in New York and cannot do so on behalf of purchasers who also did not purchase the Product in New York (Section II);

- The fraud claim fails because the plaintiff has not adequately plead fraudulent intent or justifiable reliance (Section III);

- The breach of express and implied warranty claims fail because the plaintiff did not provide pre-suit notice of her warranty claims (Section IV);

- The breach of implied warranty claims also fail because the plaintiff fails to plead privity with Danone (Section IV),

- The breach of implied warranty of merchantability claim also fails because plaintiff does not allege that the product was not fit for consumption (Section IV);

- The breach of implied warranty of fitness for a particular purpose claim also fails because the plaintiff does not allege that Danone knew her particular purpose for acquiring the Product, or that she relied on Danone's skill and judgment prior to purchasing the Product (Section IV);

- The MMWA claim fails because the plaintiff has not adequately alleged a breach of express or implied warranty claim and there is no written warranty under the MMWA (Section V);

- The DTPA claim fails because the plaintiff has not identified a specific provision that Danone allegedly violated, she has not alleged a claim for fraud or breach of express or implied warranty, and she failed to provide the requisite pre-suit notice (Section VI);

- The unjust enrichment claim is duplicative of the plaintiff's other claims, and she has not adequately alleged retention of any gains by Danone would be unjust (Section VII); and

- The plaintiff cannot assert claims under other states' consumer fraud statutes and the consumer fraud claims fail for the same reasons her other claims fail (Section VIII).

Accordingly, this Court should dismiss the Complaint with prejudice.

## FACTUAL BACKGROUND

A.   **The Product**

Danone manufactures, markets, and sells coffee creamers under the International Delight brand, including the Product.[1]  (Compl. ¶ 1.)  The front label states that the Product is a "coffee creamer" and describes its consistency and taste as "Delightfully Creamy."  (*Id.* ¶¶ 17, 18.)  The Product's front label does not state that it contains cream or dairy.   And, the ingredient list explicitly discloses that it contains water, sugar, and palm oil, with two percent or less of sodium caseinate, which it explains is "a milk derivative," and the Product declares in all caps: "*SODIUM CASEINATE IS NOT A SOURCE OF LACTOSE. CONTAINS A MILK DERIVATIVE."  (*Id.* ¶ 19.)  The Product label (depicted below) further states that the Product is "Lactose-free." (Ex. 1 to the Declaration of Keara M. Gordon, attached hereto.)[2]



---

[1]     For purposes of this motion, Danone accepts the plaintiffs' allegations as true except to the extent that they are not otherwise contradicted.  Danone reserves the right to dispute the accuracy of any factual allegation if the case proceeds past this motion (which it should not).

[2]     The plaintiff provided only a picture of the Product label's front panel and a portion of the back panel.  It is proper on this motion to dismiss for the Court to take judicial notice of the entire label, which Danone provides in Exhibit 1. "Matters suitable for judicial notice include . . . materials—such as product labels and packaging—referenced numerous times in the complaint." *Nelson v. MillerCoors, LLC*, 246 F. Supp. 3d 666, 672–73 (E.D.N.Y. 2017); *see also Campbell v. Drink Daily Greens, LLC*, 2018 WL 4259978, at *2 (E.D.N.Y. Sept. 4, 2018).

B.     **The Plaintiff, Ms. English**

Ms. English allegedly purchased the Product at "locations including Walmart, 8401 Anderson Blvd, Fort Worth, TX 76120, between June 1, 2022, and June 8, 2022, among other times." (Compl. ¶ 47.)   The Complaint does not specify how much Ms. English paid for the Product, only that it was sold for "no less than $3.39 for 32 FL OZ (946 mL), excluding tax and sales [sic]."   (*Id*. ¶ 32.)   The plaintiff alleges that when she purchased the Product, she "believed and expected the Product contained cream" derived from dairy ingredients.   (*Id*. ¶ 48; *see also id.* ¶ 26.)   While the plaintiff alleges that the Product is sold for "higher than similar products, represented in a non-misleading way" she does not identify any comparable products or their prices.   (*Id*. ¶ 32.)

## STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion to dismiss, courts consider whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted). Determining whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."   *Id.* at 679 (citation omitted). Although the Court must accept a complaint's well-plead allegations as true, this "tenet is inapplicable to legal conclusions," *id.* at 678, and to allegations that are belied by a product's label. *See, e.g.*, *Roberts v. Bliss*, 229 F. Supp. 3d 240, 249 (S.D.N.Y. 2017) (declining to accept allegations as true when advertisement itself contradicted them); *Fink v. Time Warner Cable*, 714 F.3d 739, 741−42 (2d Cir. 2013) (same).

## ARGUMENT

Each claim must be dismissed.   In analyzing these claims, as a federal court sitting in diversity, this Court ordinarily applies the choice of law rules of the forum state, here New York.

*See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941).  However, no choice of law analysis is required at this stage in the litigation because no conflicts exist between Texas law (where Ms. English resides) and New York substantive law regarding the arguments raised and Ms. English's claims fail under both as outlined below.

## I.   <u>Danone Did Not Make a Material Misrepresentation.</u>

Each of the plaintiff's claims is predicated on a theory that the Product's label led her to believe that the Product contained cream or dairy when in fact it does not.  (Compl. ¶¶ 17-20, 48.) To avoid dismissal, the plaintiff must demonstrate that Danone's representations—"coffee creamer" and "Delightfully Creamy"—were misleading to a reasonable consumer acting reasonably under the circumstances.  *See, e.g., Jones v. Orgain, LLC*, 2021 WL 4392783, at *4 (S.D.N.Y. Sept. 24, 2021) (Briccetti, J.) (dismissing GBL, breach of express and implied warranty, MMWA, fraud, and unjust enrichment claims) *Angeles v. Nestle USA, Inc*., 2022 WL 4626916, at *5 (S.D.N.Y. Sept. 30, 2022) (same); *Collishaw v. Coop. Regions of Organic Producer Pools*, 2022 WL 3290563, at *6 (S.D.N.Y. Aug. 11, 2022) (same); *Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 479 (E.D. Tex. 2021) (dismissing DTPA claim where the plaintiff failed to allege statements were misleading); *Shakeri v. ADT Sec. Servs., Inc.*, 816 F.3d 283, 296 (5th Cir. 2016) (requiring material misrepresentation for fraud claim under Texas law).

The plaintiff must "plausibly allege that a significant portion of the general consuming public or of targeted consumers . . . could be misled."  *Jessani v. Monini N. Am., Inc*., 744 App'x 18, 19 (2d Cir. 2018) (citation and internal quotations omitted).  "It is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer."  *Fink*, 714 F.3d at 741 (affirming dismissal); *see also Chen v. Dunkin' Brands, Inc*., 954 F.3d 492, 500−01 (2d Cir. 2020) (same); *Geffner v. Coca-Cola Co*., 928 F.3d

198, 200−01 (2d Cir. 2019) (same); *Jones*, 2021 WL 4392783, at *2 (dismissing claims).

Ms. English fails to meet this standard because: (A) no reasonable consumer would interpret "Delightfully Creamy" and "coffee creamer" as a promise that the Product contains actual cream, as opposed to a description of its taste or consistency; (B) the ingredients list clarifies any possible ambiguity when it discloses that the Product contains only sodium caseinate (a "milk derivative"), and (C) "Delightfully Creamy," is non-actionable puffery, not a promise of a particular ingredient.

A.   No Reasonable Consumer Would Think "Delightfully Creamy" and "Coffee Creamer" Promises That the Product Contains Cream or Dairy.

Applying the "reasonable consumer" standard, the plaintiff's claims fail.  The Product's label states, "Delightfully Creamy" and describes the product as a "coffee creamer," which indicates to a reasonable consumer that the Product has a creamy consistency or taste.  "Creamy" is defined as "***resembling*** cream (as in color, texture, or taste)." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/creamy (last visited Oct. 24, 2022) (emphasis added); *see also* Dictionary.com, https://www.dictionary.com/browse/creamy (last visited Oct. 24, 2022) ("resembling cream in consistency or taste").  Similarly, according to the dictionary the plaintiff cites in her Complaint, one of the definitions for creamer is "a ***nondairy product*** in powder or liquid form, made chiefly from corn syrup solids and used as a substitute for cream,      especially      for      coffee      cream."      Dictionary.com, https://www.dictionary.com/browse/creamer (last visited Oct. 24, 2022) (emphasis added).  The Product's front of pack label does not state that the Product contains cream or dairy, and the same dictionary on which the plaintiff relies indicates the contrary, so it is unreasonable for her to claim that she and other consumers are deceived into believing the Product contains cream or dairy ingredients.

*Jones* is instructive.  In that case, the plaintiff claimed that she was misled into believing that a product whose packaging stated "Vanilla Bean Flavor" contained vanilla beans or extract. 2021 WL 4392783, *1−2.  In determining that the plaintiff failed plausibly to plead that the packaging was misleading or deceptive, this Court observed that "[n]owhere on the packaging does defendant promise that the product is flavored with vanilla from an exclusive source or even mainly from a certain source." *Id.* at *3.  Instead, the label "simply indicate[d] the beverage [wa]s vanilla flavored." *Id.*  This Court also found determinative that the plaintiff failed to present allegations "that would show [her] argument regarding the . . . vanilla [wa]s anything but a subjective one, not shared by the reasonable consumer." *Id.* (citations omitted). Because the plaintiff failed plausibly to allege that a reasonable consumer would be misled by the product's packaging, the Court dismissed the plaintiff's claims.  *Id.*; *see also Spurck v. Demet's Candy Co., LLC,* 2022 WL 2971957, at *3 (S.D.N.Y. July 27, 2022) (dismissing complaint).

Similarly, in *Spurck*, the Court rejected an argument that a label describing pretzels as covered in "white fudge" was misleading because a reasonable consumer would interpret "white fudge" as promising that the product contained butter and milk rather than vegetable oil.  2022 WL 2971957, at *3.  The Court explained that while the complaint listed "several recipes and sources that list the ingredients for fudge that include sugar, milk, and butter, none of these sources claim that this is the *only* recipe for fudge." *Id.* (emphasis in original).  As a result, the Court held that a "[a] reasonable consumer would not infer that the Product was made with a specific fudge recipe or ingredient without additional representations on the packaging." *Id.; see also Angeles*, 2022 WL 4626916, at *4 ("Lemon & Lemon Zest" merely "represents that the Product is lemon flavored"); *Cruz v. D.F. Stauffer Biscuit Co.*, 2022 WL 4592616, *5 (S.D.N.Y. Sept. 29, 2022) ("Lemon Snaps" is not likely to mislead a reasonable consumer that the products' flavor is derived

from real lemons, despite the word "Lemon" and the images of lemons); *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154, 162 (S.D.N.Y. 2021) ("vanilla" not likely to mislead a reasonable consumer that vanilla beans was the sole or predominant flavor ingredient absent "qualifying words" on the label like "made with," "contains," or "vanilla beans"); *Cosgrove v. Blue Diamond Growers*, 2020 WL 7211218, *3 (S.D.N.Y. Dec. 7, 2020) (reasonable consumer would not interpret the word "Vanilla" to mean the product contained vanilla or vanilla extract).

The same result follows here.  As in *Jones* and *Spurck*, the Product's front of pack label does not promise the presence of a particular ingredient, here, cream or dairy, but only that the Product has a creamy taste and consistency. Ms. English's Complaint fails in its entirety.

B.       The Plaintiff Cannot Premise Her GBL Claims on a Purported Violation of an FDA Regulation.

The Complaint also asserts that the Product does not comply with her interpretation of the FDA regulations.  (*See, e.g.*, Compl. ¶¶ 8-9 (citing 21 C.F.R. 131.3(a) and 21 C.F.R. 131.155(a)).) As an individual, however, the plaintiff cannot "privately enforce alleged violations of the FDCA" because "no such private right of action exists."  *PDK Labs, Inc. v. Friedlander,* 103 F.3d 1105, 1113 (2d Cir. 1997).  In addition, because "[t]he FDCA lacks a private right of action . . . [the plaintiff] cannot rely on it for purposes of asserting a state-law consumer claim under" the GBL. *Verzani v. Costco Wholesale Corp.,* 2010 WL 3911499, at *3 (S.D.N.Y. Sept. 28, 2010); *see also Conboy v. AT&T Corp.,* 241 F.3d 242, 258 (2d Cir. 2001) (a plaintiff cannot "thwart legislative intent by couching" a statutory violation without a private right of action as a GBL claim).

Moreover, the plaintiff has not alleged that a reasonable consumer would have detailed knowledge of the FDA labeling regulations and necessarily interpret them as the plaintiff has here. (Compl. ¶¶ 8-9.)  For example, in *Bynum v. Family Dollar Stores, Inc.,* the plaintiff "point[ed] to a range of federal labeling regulations as evidence of what consumers should expect different types

8

of labels to imply about the contents of their products."  2022 WL 837089, at *5 (S.D.N.Y. Mar. 21, 2022).  The Court dismissed the claims for failure to plead a misstatement because "even if Plaintiff is correct about federal regulatory requirements, the [Complaint] does not allege that reasonable consumers are aware of these complex regulations, ***much less that they incorporate the regulations into their day-to-day marketplace expectations***."  *Id.* (emphasis added) (citing *Dashnau v. Unilever Mfg. (US), Inc.,* 529 F. Supp. 3d 235, 242 (S.D.N.Y. 2021)).  In *N. Am. Olive Oil Ass'n v. Kangadis Food Inc.*, the Court similarly concluded that the plaintiffs had not demonstrated that "the perceptions of ordinary consumers align with [the] labeling standards." 962 F. Supp. 2d 514, 519 (S.D.N.Y. 2013).  Accordingly, the plaintiff's GBL claims cannot be premised on purported violations of FDA regulations.

      C.      <u>The Ingredient List Dispelled Any Confusion as to Whether the Product Contained Cream or Dairy</u>.

Even if a consumer could be confused by the phrases "Delightfully Creamy" and "coffee creamer" (and they could not), the label would be, at most, ambiguous and the ingredient list clarifies any ambiguity.  The Second Circuit has emphasized that "in determining whether a reasonable consumer would have been misled by" a product label, "context is crucial."  *Fink*, 714 F.3d at 742; *Jones*, 2021 WL 4392783, at *4.  Texas law is in accord: it "is the purpose of requiring ingredient lists on every product label" to contextualize product representations.  *Gedalia v. Whole Foods Mkt. Servs., Inc*., 53 F. Supp. 3d 943, 958 (S.D. Tex. 2014) (dismissing claims).  A court must "consider representations in their 'surrounding context based on the content of the entire label or advertisement at issue'" because "[t]he idea that consumers purchase products based on certain of a label's statements or images . . . but are blind to others . . . in close proximity on [the] label strains credibility." *Nelson*, 246 F. Supp. 3d at 674, n.4.

"[I]f a plaintiff alleges that an element of a product's label is misleading, but another

portion of the label would dispel the confusion, the Court should inquire as to whether the allegedly misleading element is instead merely ambiguous." *Bynum*, 2022 WL 837089, at *3 (citation and internal quotations omitted).  If the statement is ambiguous, "clarification can defeat the claim." *Melendez v. ONE Brand, LLC*, 2020 WL 1283793, at *6 (E.D.N.Y. 2020); *see also Jessani*, 744 F. App'x at 20 (affirming dismissal); *Cruz*, 2022 WL 4592616, at *5 (ingredient label "clarif[ied] language" on front label); *Santiful v. Wegmans Food Mkts., Inc.,* 2022 WL 268955, at *1 (S.D.N.Y. Jan. 28, 2022) (dismissing complaint); *Boswell v. Bimbo Bakeries USA, Inc*., 570 F. Supp. 3d 89, 97 (S.D.N.Y. 2021) (same).

In *Santiful*, for example, the Court held that a reasonable consumer would not believe the label statements "Vanilla" and "Naturally Flavored" meant the product was mainly flavored from vanilla where "[t]he presence of non-vanilla flavors in the Product [was] inferred from the Product's ingredient list." *Santiful,* 2022 WL 268955, at *1.  In *Jessani*, the Court found that a reasonable consumer would not believe a product described as "truffle flavored" contained real truffles "given that the product's ingredient list contain[ed] no reference to the word 'truffle[.]'" 744 F. App'x at 19.  And in *Boswell,* the Court found that the description "All Butter" on the label of a cake was not misleading, but ambiguous, and "reasonable consumers would need additional information to understand the meaning of 'All Butter' and 'would know exactly where to look to investigate—the ingredient list.'" 570 F. Supp. 3d at 96.

Here, the phrases are not misleading; at worst, they are ambiguous, and the ingredient list explicitly explains that the Product is comprised predominantly of water, sugar, and palm oil. (Compl. ¶ 19.)  It clarifies that the Product contains only two percent or less of sodium caseinate, "A MILK DERIVATIVE", which is then described as "NOT A SOURCE OF LACTOSE."  (*Id.*) Moreover, the Product states that it is "Lactose-free." (Ex. 1.)  To the extent a reasonable consumer

had a question about whether the Product contained cream or dairy, the Product's ingredient list easily dispels any such confusion "in exactly the spot consumers are trained to look." *Melendez*, 2020 WL 1283793, at *7 (citation omitted).

D.     "Delightfully Creamy" Is Non-Actionable Puffery.

"Statements . . . that are mere puffery are not actionable." *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 644 (S.D.N.Y. 2011). Puffery includes "'[s]ubjective claims about products, which cannot be proven either true or false…[.]'" *Id.* (quoting *Lipton v. Nature Co.*, 71 F.3d 464, 474 (2d Cir. 1995)); *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) (rejecting consumer fraud theory when statements amounted to "nonactionable puffery [rather] than actionable representations of specific material fact"); *Brown v. Kerry,* 2022 WL 669880, at *4 (S.D.N.Y. Mar. 7, 2020).

In *Brown*, the Court found that the statement "Slightly Sweet" was "mere puffery" because it "provides no objective measurement or indication of the amount of [cream] in the product, and refers instead to a subjective claim about the Product's level of sweetness that cannot be proven either true or false." 2022 WL 669880, at *4. The Court also found that the statement was "a representation about the Product's 'taste profile, rather than the amount of sugar' it contains." *Id. See also Fink*, 810 F. Supp. 2d at 644 ("blazing fast" and "fastest, easiest" non-actionable puffery); *Dwyer v. Allbirds, Inc*., 2022 WL 1136799, at *8 (S.D.N.Y. Apr. 18, 2022) ("Our Sheep Live The Good Life" was nonactionable puffery); *Mazella v. Coca-Cola Co.*, 548 F. Supp. 3d 349, 357 (S.D.N.Y. 2021) ("'Slightly Sweet' is analogous to 'Just a Tad Sweet' which . . . [i]s a 'blatant form [] of puffery.") (citations omitted).

Here, as in *Brown*, "Delightfully Creamy" is non-actionable puffery because it subjectively describes the Product's texture, taste, and look, rather than the source of its ingredients.  The

plaintiff fails to state a claim predicated on this statement.[3]

## II.   **The Plaintiff Cannot Invoke New York's GBL.**

The Plaintiff, who made her purchases in Texas, does not have statutory standing to bring a GBL claim.  Leaving aside that the plaintiff purports to sue under New York's and Texas' consumer protection statutes and both cannot apply simultaneously to the same purchase, the GBL "only protect[s] consumers when 'the transaction in which [they] [are] deceived . . . occur[s] in New York.'"  *Zachmann v. Coleman Co.*, 2022 WL 161480, at *3 (S.D.N.Y. Jan. 18, 2022), (quoting *Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 324 (2002)).  Where a plaintiff "does not allege he was deceived in New York" and the plaintiff purchased the product outside of New York, her GBL claims must be dismissed.  *Id.*  (dismissing claims).

Here, it is undisputed that Ms. English purchased the Product in Texas, not New York. (Compl. ¶ 47.)  Relatedly, the plaintiff's GBL claims fail as to members of the putative class who were also not "deceived" in New York.  *Kaufman v. Sirius XM Radio, Inc.*, 751 F. Supp. 2d 681, 688 (S.D.N.Y. 2010), *aff'd*, 474 F. App'x 5 (2d Cir. 2012) (dismissing GBL claim).

---

[3]      The plaintiff also fails to plead causation, which is a requirement for each of her claims other than unjust enrichment.  *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (GBL); *Marino v. Coach, Inc.*, 264 F. Supp. 3d 558, 572 (S.D.N.Y. 2017) (fraud); *Oden v. Boston Sci. Corp.*, 330 F. Supp. 3d 877, 895−96 (E.D.N.Y. 2018), *adhered to on reconsideration*, 2019 WL 1118052 (E.D.N.Y. Mar. 11, 2019) (implied warranty); *Parks v. Ainsworth Pet Nutrition, LLC*, 377 F. Supp. 3d 241, 248 (S.D.N.Y. 2019) (breach of express warranty); 15 U.S.C. § 2310(d) (damages requirement for MMWA claim); Tex. Bus. Com. Code § 17.50(a) (damages requirement for DTPA claims).  Ms. English alleges—in an entirely conclusory fashion—that she "relied on" the Product's representations and "would not have purchased the Product if she knew the representations and omissions were false and misleading or would have paid less for it."  (Compl. ¶¶ 49, 51.)  She does not actually allege that she reviewed the allegedly misleading representations before her purchase.  *See, e.g., Turk v. Rubbermaid Inc.*, 2022 WL 836894, at *8−9 (S.D.N.Y. Mar. 21, 2022) (dismissing GBL claims based on lack of injury); *Devey*, 2022 WL 6827447, at *5 ("disjointed allegations of label reading and Product purchases at various times and places do not plausibly give rise to the inference that she actually saw and read the Product's label prior to making a specific purchase decision.").

III.    **The Plaintiff's Fraud Claim Fails**.

In addition to the infirmities already established, the plaintiff's fraud claim also fails because she has not adequately pled fraudulent intent or justifiable reliance.

A.    <u>The Plaintiff Has Not Adequately Pled Fraudulent Intent</u>.

Plaintiffs must allege non-conclusory facts that would give rise to a "strong inference of fraud." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290−91 (2d Cir. 2006) (citations omitted). "[V]ague allegations . . . are not sufficient to plead a claim of fraud . . . with the particularity that Rule 9(b) requires." *MedARC, LLC v. Aetna Health Inc.*, 2022 WL 1057085, at *5 (N.D. Tex. Feb. 3, 2022) (citations and internal quotations omitted).  Rule 9(b) requires the plaintiff to: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Szymczak v. Nissan N. Am., Inc.*, 2011 WL 7095432, at *18 (S.D.N.Y. Dec. 16, 2011) (Briccetti, J.) (dismissing claim) (citation omitted); *see also Bui v. Chandler Cos., LLC*, 2020 WL 1473908, at *3 (W.D. Tex. Mar. 26, 2020) (dismissing claim).

Courts, including this one, routinely reject the exact allegations here.  In *Zachmann, Barreto, and Spurck*—all complaints filed by the plaintiff's counsel here—the court found that the allegation that "[d]efendant's fraudulent intent is evinced by its failure to accurately identify the Products on the front label when it knew this was not true" was insufficient.  *Zachmann*, 2022 WL 161480, at *7; *Barreto v. Westbrae Nat., Inc.*, 518 F. Supp. 3d 795, 808 (S.D.N.Y. 2021); *Spurck*, 2022 WL 2971957, at *3.  Similarly, conclusory allegations that a defendant had acknowledged and responded to customer complaints were insufficient to establish "actual knowledge of a fraudulent scheme." *Zachmann*, 2022 WL 161480, at *8.

Here, as there, there is no hint as to who at Danone supposedly had actual knowledge of any fraud, when he or she purportedly knew of the fraud, or how they arrived at that conclusion.

Here, as there, the invocation of the conclusory assertion that Danone knew "that the Product was not consistent with its representations," and that Danone had "actual and constructive knowledge of the falsity and deception" through unspecified "records" is woefully insufficient.  (Compl. ¶¶ 89-91.)  Indeed, in *Zachmann*, the plaintiff alleged actual customer complaints that supposedly put the defendant on notice and that was insufficient; here, not a single complaint was identified.

In *Zachmann*, this Court also rejected as insufficient to plead motive the same boilerplate allegation relied upon here: "defendant sold more of the [product] and at higher prices . . . resulting in additional profits at the expense of customers."  2022 WL 161480, at *8.  As the Court there noted, "[e]ven if the Court inferred from this allegation that defendant possessed a general profit motive to commit fraud, 'simply alleging a defendant's self-interested desire to increase sales does not give rise to an inference of fraudulent intent.'"  *Id.* (quoting *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 586 (S.D.N.Y. 2021)).  The fraud claim should be dismissed.

B.     The Plaintiff Has Not Adequately Plead Justifiable Reliance.

A plaintiff "cannot recover if he blindly relies upon a misrepresentation the falsity of which would be patent to him if he utilized his opportunity to make a cursory examination or investigation."  *In re Webber*, 350 B.R. 344, 372–73 (Bankr. S.D. Tex. 2006) (citation omitted); *accord Vasquez v. Soto*, 61 A.D.3d 968, 969 (2d Dep't 2009) (vacating decision; finding a lack of justifiable reliance); *Green v. SweetWorks Confections, LLC*, 2019 WL 3958442, at *4, *7 (S.D.N.Y. Aug. 21, 2019) (dismissing claim); *Torres v. Wilmington Tr.*, 2015 WL 12791491, at *5 (S.D. Tex. July 24, 2015) (same).

For example, in *Green*, the Court dismissed the plaintiff's fraud claim because the plaintiff "c[ould] not establish that she reasonably relied on any quantity impression derived solely from the size of the box" where the box disclosed its content.  2019 WL 3958442, at *7.  Ms. English's fraud claim suffers from the same deficiency.  The Complaint states in conclusory terms that the

plaintiff "relied on" statements made on the Product's packaging and advertising in concluding

that the Product contained cream or dairy beyond a *de minimus* amount.  (Compl. ¶¶ 49, 65.)  But,

as established previously in Section I, a reasonable consumer would not understand the statements

"Delightfully Creamy" and "coffee creamer" to promise that the Product contains cream or diary,

particularly where the ingredient list discloses that the product is "Lactose-free", and contains less

than 2% of sodium caseinate, which is a "MILK DERIVITIVE" that is "NOT A SOURCE OF

LACTOSE".  Any purported reliance is not justified, and the fraud claim should be dismissed.

## IV.   **The Plaintiff's Breach of Express Warranty and Breach of Implied Warranty Claims Fail.**

Not only was there no misrepresentation,[4] but the warranty claims fail because (A) the

plaintiff did not provide pre-suit notice. The implied warranty claim also fails because (B) there is

no privity and (C) the Product was merchantable because it was fit for consumption.  In addition,

(D) the fitness for a particular purpose claim also fails for numerous additional reasons.

### A.   The Plaintiff Did Not Provide Pre-Suit Notice.

Under New York and Texas law, before bringing a breach of warranty claim, a plaintiff

must provide the seller with timely notice of the alleged breach.  N.Y. U.C.C. Law § 2-607(3)(a);

*Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244−45 (S.D.N.Y. 2020); *U.S.*

*Tire–Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201 (Tex. App.—Houston [1st District] 2003,

no pet.).  This notice requirement allows a defendant to cure the breach and thereby avoid

litigation.  N.Y. U.C.C. § 2-607(3)(a), cmt. 4.  As a result, notice must be given *before* initiating a

---

[4]      *Kennedy v. Mondelez Glob. LLC*, 2020 WL 4006197, at *14 (E.D.N.Y. July 10, 2020) (finding that the "reasonable consumer" standard for purposes of a breach of express warranty claim "is the same as that analyzed under New York's consumer protection law") (citation omitted); *Solak v. Hain Celestial Grp., Inc*., 2018 WL 1870474, at *11 (N.D.N.Y. Apr. 17, 2018) ("[B]ecause those three representations . . . are insufficient as a matter of law to mislead a reasonable consumer, they cannot be relied upon … [for] a breach of express warranty").

lawsuit.  *See, e.g.*, *Quinn v. Walgreen Co.*, 958 F. Supp. 2d 533, 544 (S.D.N.Y. 2013) (Briccetti, J.) (dismissing claim); *Hubbard v. Gen. Motors Corp.*, 1996 WL 274018, at *4−5 (S.D.N.Y. May 22, 1996) (same); *U.S. Tire-Tech, Inc.*, 110 S.W.3d at 202 (commencement of suit does not satisfy notice requirement).  In addition, an allegation that a defendant received notice from other consumers "does not satisfy the notice requirement."  *Cruz*, 2022 WL 4592616, at *7; *U.S. Tire-Tech, Inc.*, 110 S.W.3d at 202 (generic notice insufficient).

The same result is compelled here.  The plaintiff asserts that she satisfied the notice requirement by filing this Complaint and because somehow Danone "should have been aware of these issues due to [unspecified and unidentified] complaints by [unknown] third-parties." (Compl. ¶¶ 82, 83.)  Neither of these satisfies the pre-suit notice requirement.  Because the plaintiff did not provide notice *prior* to bringing this lawsuit, the claim should be dismissed.

### B.     The Plaintiff Does Not Plead Privity.

New York and Texas law both "require privity . . . with respect to claims for breach of the implied warranties of merchantability and fitness for a particular purpose where the only loss alleged is economic."  *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 556 (S.D.N.Y. 2016); *accord Tex. Processed Plastics, Inc. v. Gray Enters., Inc.*, 592 S.W.2d 412, 415 (Tex. Civ. App.—Tyler 1979, no writ) ("[I]n situations involving solely economic loss . . . privity of contract . . . is required.").  "A remote purchaser, such as a retail purchaser, is not in privity with a good's manufacturer" and, as a result, implied warranty claims against a manufacturer seeking economic loss should be dismissed.  *Zachmann*, 2022 WL 161480, at *5−6 (dismissing claim).

Here, the plaintiff alleges only an economic loss.  (Compl. ¶ 87.)  She bought the Product at Walmart so she is not in privity with Danone.  (*Id.* ¶ 47.)  Her breach of implied warranty of merchantability claim and fitness for a particular purpose claim should therefore be dismissed.

C.    <u>The Product Was Fit for Human Consumption</u>.

The implied warranty of merchantability "requires only that the goods sold be of a minimal level of quality," so that they are "fit for the ordinary purposes for which such goods are used." *Caronia v. Phillip Morris USA, Inc*., 715 F.3d 417, 433−34 (2d Cir. 2013) (citations and internal quotations omitted); *accord Gedalia*, 53 F. Supp. 3d at 961 (dismissing claim). A food product is merchantable unless it is "unfit to be consumed." *Brumfield v. Trader Joe's Co*., 2018 WL 4168956, at *4 (S.D.N.Y. Aug. 30, 2018); *see also Cruz*, 2022 WL 4592616, at *7 (dismissing claim).

Although the plaintiff alleges in a conclusory fashion that the Product was "not merchantable," she does not allege that it was contaminated or otherwise unfit for consumption. (Compl. ¶¶ 85, 86.) The plaintiff's implied warranty of merchantability claim fails on this basis.

D.    <u>The Fitness for a Particular Purpose Claim Fails for Several Additional Reasons</u>.

The plaintiff's claim for breach of implied warranty of fitness for a particular purpose fails for additional reasons. "[T]he implied warranty of fitness for a particular purpose does not arise in every consumer sale, but only when a seller knows or has reason to know the particular purpose for which a buyer requires goods, and also knows or should know that the buyer is relying on his special knowledge." *Catalano*, 167 F. Supp. 3d at 558 (quoting *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 249 (2d Cir. 1986)). To state a claim, the "complaint must allege that: (1) the seller had reason to know, at the time of contracting, the buyer's particular purpose for which the goods were required, (2) the buyer was justifiably relying on the seller's skill and judgment to select suitable goods, and (3) the buyer did in fact rely on the seller's skill." *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 158–59 (N.D.N.Y. 2020) (citation omitted) (dismissing claim). None of these requirements have been alleged here.

First, "[a] 'particular purpose' is different from the 'ordinary purpose' of the goods." *Id.*

(citing N.Y.U.C.C. § 2-315 (Official Comment) (noting a "particular purpose" "envisages a *specific* use by the buyer which is peculiar to the nature of his business") (emphasis added)); *see also Tears v. Bos. Sci. Corp.*, 344 F. Supp. 3d 500, 514 (S.D.N.Y. 2018) (dismissing warranty of fitness claim that was indistinguishable from warranty of merchantability claim). Here, the plaintiff fails to allege that she purchased the Product for something other than consumption. Quite the opposite, the Complaint is predicated on the plaintiff's desire to consume the Product. And, although the plaintiff alleges that she "expected the Product contained cream" or dairy ingredients (Compl. ¶ 48), that is a subjective expectation—not a use.

Second, the plaintiff fails to allege that Danone knew what her non-existent particular use was ***before*** she purchased the Product. While the Complaint alleges in a conclusory fashion that "Defendant had reason to know the particular purpose" (Compl. ¶ 86), that allegation is contradicted by her own Complaint because the plaintiff admits that she purchased the Product at Walmart and thus had no communication with Danone before the purchase (*see id.* ¶ 47). Therefore, Danone could not have known her particular purpose in purchasing the Product. *See In re Lyman Good Dietary Supplements Litig.*, 2018 WL 3733949, at *11 (S.D.N.Y. Aug. 6, 2018) (dismissing claim; no allegation "that Plaintiff had any communications with Vitamin Shoppe employees, let alone that Plaintiff gave them reason to believe that he would consume [the Product] for a particular purpose"); *Catalano*, 167 F. Supp. 3d at 558 (dismissing claim).

Third, for the same reasons, the plaintiff has also not plausibly alleged that she relied on the "seller's skill and judgment to select suitable goods" or that Danone was aware of such reliance. *Hunter*, 505 F. Supp. 3d at 158–59. The plaintiff's bare and conclusory assertion that "she relied on Defendant's skill and judgment to select or furnish such a suitable product" is wholly insufficient to state a claim. (Compl. ¶ 86.) This claim must be dismissed.

**V.    The Plaintiff's MMWA Claim Fails.**

In addition to its other deficiencies, the MMWA claim fails because the plaintiff has not alleged an underlying state law breach of warranty and the challenged statements are not written warranties under the MMWA.

**A.    The Plaintiff Has Not Pled a Breach of Warranty Under State Law.**

"[C]laims under the [MMWA] stand or fall with the . . . warranty claims under state law . . ." *Cali v. Chrysler Grp. LLC*, 2011 WL 383952, at *4 (S.D.N.Y. Jan. 18, 2011) (citation omitted); *Taliaferro v. Samsung Telecomms Am., LLC*, 2012 WL 169704, at *11 (N.D. Tex. Jan. 19, 2012) ("[A]n underlying state law breach of warranty claim is required[.]").  Because the plaintiff has not pled one (*see* Section V), her MMWA claim necessarily fails.  *See, e.g.*, *Zachmann*, 2022 WL 161480, at *6 (dismissing claim).

**B.    The Challenged Statements Are Not Written Warranties.**

The MMWA defines a "warranty" as a "written affirmation that a consumer product will be defect free or will meet a specified level of performance." *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 377–78 (S.D.N.Y. 2014) (quoting 15 U.S.C. § 2301(6)) (internal quotations omitted).  The statements at issue here are "Delightfully Creamy" and "coffee creamer."  Even if these statements qualify as "written affirmation[s]" (which they do not), they still are not actionable warranties under the MMWA because they do not represent that the Product is "defect free" or that it will "meet a specified level of performance."  *Id.*  At most, these representations are "product description[s]," which courts routinely hold are not actionable written warranties.  *Id.* at 378; *see also Gordon v. Sig Sauer, Inc.*, 2020 WL 4783186, at *8 (S.D. Tex. Apr. 20, 2020) (dismissing claim); *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *17

(E.D.N.Y. Aug. 29, 2013) (dismissing claim).[5]

## VI.     **The Plaintiff's DTPA Claim Fails.**

"The DTPA creates a cause of action for consumers based on '(1) the use of or employment of a false, misleading, or deceptive act or practice that is included in the 'laundry list' of violations under section 17.46(b), (2) the breach of any express or implied warranty, and (3) an unconscionable action or course of action.'" *Franklin*, 569 F. Supp. 3d at 478 (quoting *Int'l Med. Ctr. Enters., Inc. v. ScoNet, Inc.*, 2017 WL 4820347, at *7 (Tex. App—Houston [1st Dist.] Oct. 26, 2017, no pet.)).  It is entirely unclear on which basis the plaintiff attempts to assert a claim, but regardless, the claim fails under all three for a number of reasons.

First, "[t]o prevail on a claim for fraud or misrepresentation under the . . . DTPA, a [Plaintiff] must identify a specific misrepresentation upon which he justifiably relied." *Mosser v. Aetna Life Ins. Co.*, 2018 WL 5728529, at *7 (E.D. Tex. Sept. 7, 2018).  Danone did not make a misleading statement and there is no justifiable reliance. (*See* Sections I and IV(D)).

Second, "consumers must establish that each defendant violated a *specific* provision of the Act, and that the violation was a producing cause of the claimant's injury." *Advon Corp. v. Coopwood's Air Conditioning Inc.*, 517 F. Supp. 3d 656, 669 (S.D. Tex. 2021) (citation and internal quotations omitted) (emphasis added) (dismissing claim).   "The pleading standard requires, at a minimum, that [plaintiff] both list the specific violations of the relevant chapters, and specify in what way [the defendant] violated them." *Am. Surgical Assistants, Inc. v. United Healthcare of Tex., Inc.*, 2010 WL 1340557, at *3 (S.D. Tex. Mar. 30, 2010).  DTPA claims should

---

[5]     The plaintiff's MMWA claim also fails because she did not provide Danone with an opportunity to cure. *See* 15 U.S.C. § 2310(e) ("No action . . . may be brought . . . unless the person obligated under the warranty . . . is afforded a reasonable opportunity to cure."); *Taliaferro*, 2012 WL 169704, at *11 (plaintiffs were required to provide defendant with notice and opportunity to cure).

be dismissed where a plaintiff does not "identify any specific provision of the [Act] . . . of which [defendant's] alleged conduct would be in violation." *Blanks v. Ford Motor Credit*, 2005 WL 43981, at *4 (N.D. Tex. Jan. 7, 2005).  Here, the plaintiff makes no attempt to comply with these requirements, instead improperly invoking the entire Act.

Third, to the extent the DTPA claim is premised on her fraud and warranty claims, the claim fails for the same reasons outlined above.  (*See* Sections III-IV.)  DTPA claims sounding in fraud must be pled in accordance with Rule 9(b), which these claims are not. *Sanchez v. Allstate Vehicle & Prop. Ins. Co.*, 2021 WL 5636695, at *4 (S.D. Tex. Dec. 1, 2021).

Fourth, the plaintiff failed to comply with the statute's pre-suit notice requirement. *Franklin*, 569 F. Supp. 3d at 482 (citing Tex. Bus. & Com. Code § 17.505(a) (requiring written notice at least sixty (60) days before filing suit)).  The plaintiff does not allege that any notice was provided in compliance with the statute.  (*See generally* Compl.)

## VII.   <u>The Plaintiff's Unjust Enrichment Claim Fails.</u>

This claim fails under Texas and New York law.  Texas does not recognize unjust enrichment as an independent cause of action.  *See, e.g.*, *Lilani v. Noorali*, 2011 WL 13667, at *11 (S.D. Tex. Jan. 3, 2011) (most Texas appellate courts do not view unjust enrichment as an independent cause of action); *Walker v. Cotter Props., Inc.,* 181 S.W.3d 895, 900 (Tex. App.— Dallas 2006, no pet.) (unjust enrichment is not a separate cause of action).

Under New York law "[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Zachmann*, 2022 WL 161480, at *8 (citation omitted); *Bautista v. CytoSport, Inc.*, 223 F. Supp. 3d 182, 194 (S.D.N.Y. 2016) (dismissing claim); *Ebin v. Kangadis Food Inc.*, 2013 WL 6504547, at *7 (S.D.N.Y. Dec. 11, 2013) (same); *Hidalgo v. Johnson & Johnson Consumer Cos.*, 148 F. Supp. 3d 285, 298 (S.D.N.Y. 2015) (same).

In *Zachmann*, this Court dismissed the plaintiffs' unjust enrichment claim as duplicative because "the allegations supporting plaintiffs' other claims [we]re the same . . .: defendant's 'keeps the ice' labelling is misleading, and plaintiff was injured thereby."  2022 WL 161480, at *9.  The same conclusion is compelled here.  The plaintiff's unjust enrichment claim consists of one conclusory sentence that reiterates her fraud-based claims:

| Unjust Enrichment Allegations | GBL, DTPA, and Fraud Allegations |
|---|---|
| Danone "obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members." (Compl. ¶ 92). | Danone made "false, misleading, and deceptive representations and omissions" which caused the plaintiff to purchase the Product when she would "not have purchased the Product or paid as much if the true facts had been known[.]"  (Compl. ¶¶ 63-66).<br><br>Danone "misrepresented and/or omitted the attributes and qualities of the Product . . ." (*Id.* ¶ 88). |

Even if the claim was not duplicative (which it is), the claim still fails because the plaintiff has not pled that Danone was unjustly enriched.  Equitable relief like that sought here is not warranted if the product was purchased and used as intended.  *See, e.g., Fink v. Time Warner Cable*, 837 F. Supp. 2d 279 (S.D.N.Y. 2011).  In *Fink*, the Court dismissed the unjust enrichment claim because "allegations [of high-speed internet service] are insufficient to state plausibly a claim that Defendant's allegedly deceptive advertisements make it unjust for Defendant to retain Plaintiffs' internet subscription fees." *Id.* at 286.  Similarly, in *Melendez*, the Court dismissed a plaintiff's unjust enrichment claim against a food manufacturer because "other than the conclusory assertion that [defendant] obtained 'benefits and monies,' . . . [plaintiff] neither explain[ed] how nor to what extent [defendant] benefited at [plaintiff's] expense.  Nor is it clear why 'equity and good conscience' would require restitution[.]"  2020 WL 1283793, at *8.

So too here.  Ms. English's conclusory allegations are the same as the plaintiff in

*Melendez*—which was also brought by her counsel.  She merely claims that Danone "obtained benefits and monies." (Compl. ¶ 92.)  But Ms. English presumably received and used the Product as intended, so she has not alleged that Danone benefited at her expense or that equity and good conscience require the return of her payment.

## VIII.   The Plaintiff Cannot Assert Claims Under Other States' Consumer Fraud Statutes.

In addition to failing to state a claim under the consumer protection statutes of New York and Texas, Ms. English also cannot assert her Multi-State Consumer Fraud Claim, which brings claims under the consumer protection laws of eleven additional states: Montana, Idaho, Alaska, Virginia, Kentucky, Kansas, Nebraska, North Dakota, Iowa, South Carolina, and Utah.  (Compl. ¶ 54.)[6]  The laws of each of these states can succeed only if the challenged statements are misleading, which for the reasons explained in Section I, they are not.  *See, e.g., Huston v. Conagra Brands, Inc.*, 2022 WL 4647251, at *6 (C.D. Ill. Sept. 30, 2022) (Iowa) (applying reasonable consumer standard) (collecting cases); *Correia v. Johnson & Johnson Consumer Inc.*, 2019 WL 2120967, at *3 (C.D. Cal. May 9, 2019) (Idaho) (same); *Millett v. TrueLink, Inc.*, 533 F. Supp. 2d 479, 486 (D. Del. 2008) (Kansas) (same); *Corder v. Ford Motor Co.*, 297 F.R.D. 572, 575 (W.D. Ky. 2014) (Kentucky) (same); *Nicdao v. Chase Home Fin.*, 839 F. Supp. 2d 1051, 1076 (D. Alaska

---

[6]   Ms. English fails to identify the specific statutes at issue.  Her failure to do so results in dismissal of the claims.  *See* Fed. R. Civ. P. 8(a); *Lee v. City of New York*, 2005 WL 2365320, at *2 (S.D.N.Y. Sept. 22, 2005), *aff'd*, 181 F. App'x 55 (2d Cir. 2006) (a plaintiff is required to give defendants "fair and adequate notice of his claims and the grounds on which they rest").  For purposes of this motion, Danone assumes Ms. English asserts violations under the following statutes: Montana Unfair Trade Practices and Consumer Protection Act, Mont. Code Ann. § 30-14-101, *et seq.*; Idaho Consumer Protection Act, Idaho Code Ann. § 48-601, *et seq.*; Alaska Consumer Protection Act, Alaska Stat. Ann. § 45.50.471 *et seq.*; Virginia Consumer Protection Act, Va. Code Ann § 59.1-196 *et seq.*; Kentucky Consumer Protection Act, Ky. Rev. Stat. Ann. § 367.110 *et seq.*; Kansas Consumer Protection Act, Kan. Stat. Ann. § 50-626; Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-301, *et seq.*; North Dakota Consumer Protection Act, N.D. Cent. Code § 51–15–02; Iowa Private Right of Action for Consumer Frauds Act, Iowa Code Ann. §§ 714H.1–H.8; South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39–5–10 *et seq.*; Utah Consumer Sales Practices Act, Utah Code Ann. § 13-11-1 *et seq.*

2012) ("[A]n act or practice is deceptive or unfair if it has the capacity or tendency to deceive.");
*Reinbrecht v. Walgreen Co.*, 16 Neb. App. 108, 115−16, 742 N.W.2d 243, 249 (2007) (Nebraska)
(same); *Williams v. Quest Diagnostics, Inc.*, 353 F. Supp. 3d 432, 450 (D.S.C. 2018) (South
Carolina) (same); *Young v. Era Advantage Realty*, 2022 MT 138, ¶ 25, 409 Mont. 234, 245, 513
P.3d 505, 513 (2022) (Montana) (deceptive acts that are "likely to mislead consumers") (citation
omitted); *Koschene v. Hutchinson*, 73 Va. Cir. 103, at *4 (2007) (Virginia) ("[a] plaintiff must
allege a fraudulent misrepresentation of fact"); *In re New Motor Vehicles Canadian Exp. Antitrust
Litig.*, 350 F. Supp. 2d 160, 198, 204 (D. Me. 2004) (North Dakota and Utah) (dismissing claims).[7]

In any event, Ms. English's multi-state consumer fraud act claims fail because her GBL
and DTPA claims are inadequately plead and because she cannot assert claims for states from
which she has no connection.

"Where plaintiffs themselves do not state a claim under their respective state's consumer
statutes, [] they do not have standing to bring claims under other state statutes—even where they
are named plaintiffs in a purported class action." *Simington v. Lease Fin. Grp., LLC*, 2012 WL
651130, at *9 (S.D.N.Y. Feb. 28, 2012) (citing *Lewis v. Casey*, 518 U.S. 343, 357 (1996)). Here,
for the reasons discussed, the plaintiff's Texas and New York consumer protection act claims fail.
Thus, her multi-state consumer fraud claims must also be dismissed. *See Gould v. Helen of Troy
Ltd.*, 2017 WL 1319810, at *6 (S.D.N.Y. Mar. 30, 2017) (dismissing multi-state consumer
protection claims because "Plaintiff's claims under New York's consumer protection statute
fail[ed]"); *Chung v. Pure Fishing, Inc.*, 2022 WL 866769, at *7 (E.D.N.Y. Mar. 23, 2022) (same).

---

[7]      The claims fail for additional reasons.  For example, South Carolina's and Montana's
consumer protection statutes do not permit consumer class actions, S.C. Code Ann. § 39-5-140(a)
and Mont. Code Ann. § 30.14-133(1)(a), and there is no indication that Ms. English obtained the
requisite approval from the Iowa Attorney General to file the instant suit, *Huston*, 2022 WL
4647251, at *6, n.12 (dismissing claim).

Further, a plaintiff can only assert a claim if she "resides in, does business in, or has some other connection to [a given] state[.]"  *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 49 (E.D.N.Y. 2014), *on reconsideration*, 14 F. Supp. 3d 99 (E.D.N.Y. 2014); *Campbell-Clark v. Blue Diamond Growers*, 2019 WL 10852810, at *1 (E.D.N.Y. Dec. 17, 2019) ("Plaintiff fail[ed] to state claims under the consumer protection statutes of states outside of New York" where Plaintiff was based in New York and other unnamed persons allegedly resided in 49 other states); *Simington*, 2012 WL 651130, at *7 (dismissing consumer protection claims for states where there were no "connections").  Ms. English resides in Texas and claims only to have made purchases in Texas.  She has no connection to the other states and cannot bring those claims.

## CONCLUSION

There is no misrepresentation here; the plaintiff's allegations that she subjectively thought that a "Delightfully Creamy" coffee creamer must have contained cream or dairy are just not plausible.  Danone respectfully requests that this Court dismiss the Complaint in its entirety with prejudice.

Dated: October 24, 2022                                  Respectfully submitted,

                                                        **DLA Piper LLP (US)**

                                                        */s/ Keara M. Gordon*
                                                        Keara M. Gordon

                                                        *Attorney for Defendant*
                                                        *Danone North America Public Benefit*
                                                        *Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that on October 24, 2022, the foregoing Memorandum of Law

in Support of Danone's Motion to Dismiss the Complaint was electronically filed with the Clerk

of the Court using the CM/ECF system and thereby served on the following counsel:

Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck, NY 11021
spencer@spencersheehan.com
*Counsel for Plaintiff*

Dated: October 24, 2022

*/s/ Keara M. Gordon*
Keara M. Gordon
