**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**WHITE PLAINS COURTHOUSE**

Rosita English, individually and on behalf of all others similarly situated,

                        Plaintiff,

            - against -

Danone North America Public Benefit Corporation,

                        Defendant

7:22-cv-05105-VB

Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the Complaint

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................... ii

TABLE OF AUTHORITIES ................................................................................... iv

INTRODUCTION ..................................................................................................... 1

FACTUAL BACKGROUND .................................................................................... 1

LEGAL STANDARDS ............................................................................................. 2

ARGUMENT ............................................................................................................. 2

I.      PLAINTIFF'S EXPECTATION OF DAIRY CREAM WAS REASONABLE ............... 2

      A.     "Coffee Creamer" was a Statement About Product's Composition ..................... 3

      B.     "Coffee Creamer" and "Delightfully Creamy" was Sufficient to Expect Diary Ingredients without the Need to Investigate Further ....................... 4

II.     Plaintiff Adequately Alleged Injury .................................................................... 5

III.    REGULATIONS ARE NOT THE BASIS FOR PLAINTIFF'S CLAIMS ....................... 7

IV.    PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS ........................... 8

      A.     New York and Texas Law No Longer Require Notice ........................................... 8

      B.     Alternative Criteria for Implied Warranty Provided ............................................ 8

      C.     Direct Privity Not Required .................................................................................. 9

      D.     Substituting Dairy with Vegetable Oils Meant Product was Not "Defect Free" ....................................................................................................... 9

V.     COMMON LAW CLAIMS ARE ADEQUATELY PLED ........................................... 10

      A.     Rule 9(b) Met by "Who, What, Where, When, and How" .................................. 10

      B.     Unjust Enrichment Allowed in Alternative ......................................................... 10

VI.    PLAINTIFF CAN ASSERT HER MULTI-STATE CONSUMER FRAUD CLAIM ....................................................................................................................... 11

      A.     "Individual Elements" of Multi-State Consumer Statutes Not Required ................................................................................................................. 11

      B.     Decision on Multi-State Claims is Premature .................................................... 12

VII.   NEXUS TO NEW YORK ALLOWS APPLICATION OF GBL ..................................... 12

CONCLUSION................................................................................................................ 12

## TABLE OF AUTHORITIES

**Cases**

*Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*,
    39 F. Supp. 3d 516 (S.D.N.Y. 2014)................................................................ 10

*Amchem Products, Inc. v. Windsor*,
    521 U.S. 591 (1997).......................................................................................... 12

*Amstadt v. U.S. Brass Corp.*,
    919 S.W.2d 644 (Tex. 1996)............................................................................... 7

*Angeles v. Nestle USA, Inc.*,
    No. 21-cv-7255, 2022 WL 4626916 (S.D.N.Y. Sept. 30, 2022) ........................ 3

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................ 2

*Axon v. Citrus World, Inc.*,
    354 F. Supp. 3d 170 (E.D.N.Y. 2018) ................................................................ 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)............................................................................................ 2

*Bowling v. Johnson & Johnson*,
    65 F. Supp. 3d 371 (S.D.N.Y. 2014).............................................................. 9, 10

*Bristol Vill., Inc. v. Louisiana-Pac. Corp.*,
    916 F. Supp. 2d 357 (W.D.N.Y. 2013) ............................................................... 9

*Buckman Co. v. Plaintiffs' Legal Comm.*,
    531 U.S. 341, 121 S.Ct. 1012, 148 L.Ed.2d 854 (2001)...................................... 8

*Caronia v. Phillip Morris USA, Inc.*,
    715 F.3d 417 (2d Cir. 2013)................................................................................ 8

*Catalano v. BMW of N. Am., LLC*,
    167 F. Supp. 3d 540 (S.D.N.Y. 2016)................................................................. 9

*Chen v. Dunkin' Brands, Inc.*,
    954 F.3d 492 (2d Cir. 2020)................................................................................ 5

*Chen v. Dunkin' Brands, Inc.*,
    No. 17-cv-3808, 2018 WL 9346682 (E.D.N.Y. Sept. 17, 2018) ...................... 10

*Colella v. Atkins Nutritionals, Inc.*,
    348 F. Supp. 3d 120 (E.D.N.Y. 2018) ............................................................ 5, 6

*Collishaw v. Coop. Regions of Organic Producer Pools*,
    No. 20-cv-09009, 2022 WL 3290563 (S.D.N.Y. Aug. 11, 2022)............................................ 3

*Conboy v. AT&T Corp.*,
    241 F.3d 242 (2d Cir. 2001)................................................................................................... 7

*Custance v. Terex Utils.*,
    2016 N.Y. Slip Op. 32171 (N.Y. Sup. Ct. 2016) .................................................................... 9

*Duran v. Henkel of Am., Inc.*,
    450 F. Supp. 3d 337 (S.D.N.Y. 2020)................................................................................... 2

*Fink v. Time Warner Cable*,
    714 F.3d 739 (2d Cir. 2013).................................................................................................. 5

*Gavilanes v. Gerber Prods. Co.*,
    No. 20-cv-05558, 2021 WL 5052896 (E.D.N.Y. Nov. 1, 2021) ............................................ 8

*Gedalia v. Whole Foods Mkt. Servs., Inc.*,
    53 F. Supp. 3d 943 (S.D. Tex. 2014) ................................................................................... 8

*Geffner v. Coca-Cola Co.*,
    928 F.3d 198 (2d Cir. 2019).................................................................................................. 5

*Gomez v. Wells Fargo Bank, N.A.*,
    310-cv-0381, 2010 WL 2900351 (N.D. Tex. July 21, 2010).................................................. 3

*Housey v. Procter & Gamble Co.*,
    No. 21-cv-2286, 2022 WL 874731 (S.D.N.Y. Mar. 24, 2022)............................................ 10

*In re Bayer Corp. Combination Aspirin Prods. Mktg. and Sales Practices Litig.*,
    701 F. Supp. 2d 356 (E.D.N.Y. 2010) .................................................................................. 7

*In re HSBC BANK, USA, N.A., Debit Card Overdraft Fee Litig.*,
    1 F. Supp. 3d 34 (E.D.N.Y. 2014), *on reconsideration*, 14 F. Supp. 3d 99
    (E.D.N.Y. 2014)................................................................................................................... 12

*In re Scotts EZ Seed Litig.*,
    304 F.R.D. 397 (S.D.N.Y. 2015) .......................................................................................... 7

*Jones v. Orgain, LLC*,
    No. 20-cv-8463 (VB), 2021 WL 4392783 (S.D.N.Y. Sept. 24, 2021) ................................... 3

*Koenig v. Boulder Brands, Inc.*,
    995 F. Supp. 2d 274 (S.D.N.Y.2014)................................................................................... 6

*Lee v. City of N.Y.*,
  04-cv-2740, 2005 WL 2365320 (S.D.N.Y. Sept. 22, 2005), *aff'd*, 181 F. App'x
  55 (2d Cir. 2006) ................................................................................................................ 11

*Leider v. Ralfe*,
  387 F. Supp. 2d 283 (S.D.N.Y. 2005) ................................................................................ 12

*Lerner v. Fleet Bank, N.A.*,
  459 F.3d 273 (2d Cir. 2006) ............................................................................................... 10

*Lilani v. Noorali*,
  09-cv-2617, 2011 WL 13667 (S.D. Tex. Jan. 3, 2011) ....................................................... 11

*Lugones v. Pete & Gerry's Organic, LLC*,
  440 F. Supp. 3d 226 (S.D.N.Y. 2020) ................................................................................. 8

*Lyons v. Litton Loan Servicing LP*,
  158 F. Supp. 3d 211 (S.D.N.Y. 2016) ................................................................................ 12

*Mantikas v. Kellogg Co.*,
  910 F.3d 633 (2d Cir. 2018) ................................................................................................. 5

*MedARC, LLC v. Aetna Health Inc.*,
  20-cv-3646, 2022 WL 1057085 (N.D. Tex. Feb. 3, 2022) ................................................. 10

*N.Y. Cent. R.R. v. Kinney*,
  260 U.S. 340 (1922) ............................................................................................................ 11

*Neri v. R.J. Reynolds Tobacco Co.*,
  No. 98-cv-371, 2000 WL 33911224 (N.D.N.Y. Sept. 28, 2000) ........................................... 8

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
  85 N.Y.2d 20 (1995) ............................................................................................................. 2

*PDK Labs, Inc. v. Friedlander*,
  103 F.3d 1105 (2d Cir. 1997) ............................................................................................... 7

*Pelman ex rel. Pelman v. McDonald's Corp.*,
  396 F.3d 508 (2d Cir. 2005) ................................................................................................. 6

*Pichardo v. Only What You Need, Inc.*,
  No. 20-cv-493, 2020 WL 6323775 (S.D.N.Y. Oct. 27, 2020) ............................................. 4

*Roberts v. City of Chicago*,
  817 F.3d 561 (7th Cir. 2016) ............................................................................................... 2

*Seaboard Air Line Ry. v. Koennecke*,
  239 U.S. 352 (1915) ............................................................................................................ 12

*Spurck v. Demet's Candy Co.*,
  No. 21-cv-5506, 2022 WL 2971957 (S.D.N.Y. July 27, 2022) ............................................ 4

*Starcraft Co., A Div. of Bangor Punta Ops. v. C.J. Heck Co. of Tex.*,
  748 F.2d 982 (5th Cir. 1984) ........................................................................................ 11

*Steiner v. Southmark Corp.*,
  734 F. Supp. 269 (N.D. Tex. 1990) ............................................................................... 12

*Sw. Ref. Co. v. Bernal*,
  22 S.W.3d 425 (Tex. 2000) ............................................................................................ 12

*Tex. Processed Plastics, Inc. v. Gray Enters., Inc.*,
  592 S.W.2d 412 (Tex. Civ. App. 1979) .......................................................................... 9

*Thompson v. Allstate Ins. Co.*,
  476 F.2d 746 (5th Cir. 1973) ........................................................................................ 11

*Turk v. Rubbermaid Inc.*,
  21-cv-270, 2022 WL 836894 (S.D.N.Y. Mar. 21, 2022) ................................................. 7

*U. S. ex rel. Frey v. Health Mgmt. Sys., Inc.*,
  No. 19-cv-0920, 2021 WL 4502275 (N.D. Tex. Oct. 1, 2021) ..................................... 10

*U.S. Tire-Tech, Inc. v. Boeran, B.V.*,
  110 S.W.3d 194 (Tex. App. 2003) ................................................................................... 8

*Verzani v. Costco Wholesale Corp.*,
  09-cv-2117, 2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010) ............................................ 7

*White v. Holland Furnace Co.*,
  31 F. Supp. 32 (S.D. Ohio 1939) .................................................................................. 11

*Williams v. Gerber Prod. Co.*,
  552 F.3d 934 (9th Cir. 2008) ........................................................................................... 5

*Zachmann v. Coleman Co. Inc.*,
  20-cv-9146, 2022 WL 161480 (S.D.N.Y. Jan. 18, 2022) .......................................... 11, 12

**Statutes**

15 U.S.C. § 2301(6)(A) .................................................................................................... 17

21 U.S.C. § 343(a)(1) ....................................................................................................... 12

Field Code of 1848 .......................................................................................................... 21

N.Y. G.B.L. § 349 .......................................................................................................... 1, 3

N.Y. G.B.L. § 350 .................................................................................................... 1, 3

N.Y. U.C.C. § 2-314(2)(a) ............................................................................................ 15

N.Y. U.C.C. § 2-314(c) ................................................................................................ 15

N.Y. U.C.C. § 2-315 ............................................................................................... 15, 17

N.Y. U.C.C. § 2-607(3)(a) ............................................................................................ 14

N.Y. U.C.C. Law § 2-607(3)(a) ................................................................................... 13

Tex. Bus. & Com § 2-314(b)(1) ................................................................................... 15

Tex. Bus. & Com § 2-314(c) ........................................................................................ 15

Tex. Bus. & Com § 2-315 ....................................................................................... 15, 17

Tex. Bus. & Com § 2-607(3)(a) .................................................................................... 14

Tex. Bus. & Com. Code §§ 17.41-17.63 ................................................................... 1, 3

Tex. Bus. Com. Code § 17.50(a) .................................................................................. 10

**Rules**

Fed. R. Civ. P.   8(a) ................................................................................................... 10

Fed. R. Civ. P.   8(d)(2) ............................................................................................... 19

Fed. R. Civ. P.  8 ......................................................................................................... 21

Fed. R. Civ. P.  9(b) .............................................................................................. 10, 18

Fed. R. Civ. P. 12(b)(6) ................................................................................................. 2

## INTRODUCTION

Plaintiff Rosita English ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by Defendant Danone North America Public Benefit Corporation ("Defendant") to Dismiss the Complaint ("Compl."). ECF Nos. 1, 6.

Plaintiff brings claims for damages for violations of the New York General Business Law ("GBL") §§ 349 and 350, and/or the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA"), Texas Business & Commerce Code §§ 17.41-17.63, and the consumer protection laws of Montana, Idaho, Alaska, Virginia, Kentucky, Kansas, Nebraska, North Dakota, Iowa, South Carolina, and Utah, Compl. ¶¶ 61-71, breaches of warranty, Compl ¶¶ 72-87 and common law claims, Compl. ¶¶ 88-92, on behalf of consumers who purchased International Delight's coffee additive described as a "coffee creamer" (the "Product"). Compl. ¶ 1. Plaintiff seeks monetary relief, expenses, and reasonable attorneys' fees. Compl. at 12, Prayer for Relief, ¶¶ 2-5.

Defendant argues the Complaint should be dismissed, because, among other reasons, the absence of any material misrepresentations. *See* ECF No. 7, Memorandum of Law in Support of Motion to Dismiss ("Def. Mem.") at 12.[1] None of its arguments are a basis for dismissal, and its Motion should be denied.

## FACTUAL BACKGROUND

Defendant "manufactures, markets, labels, and sells French vanilla coffee whitener identified as a coffee creamer." Compl. ¶ 1. Coffee creams "contain[] not less than 18 percent but less than 30 percent milkfat" as opposed to coffee whiteners with no dairy components beyond "a *de minimis* amount of sodium caseinate." Compl. ¶¶ 9, 16. The label statement "coffee creamer [, which] is almost identical to 'coffee cream,'" misled consumers "to expect the presence of cream,

---

[1] Declaration of Keara M. Gordon in Support of Defendant's Motion to Dismiss. ECF No. 8. A picture of the Product's label is attached as Exhibit 1 to the Declaration of Keara M. Gordon. ECF No. 8-1.

from dairy ingredients." Compl. ¶ 22 26. Had Plaintiff known that "[i]n place of dairy cream, the Product substitute[d] water and palm oil," she "would not have bought [it] or would have paid less." Compl. ¶¶ 20, 31.

## LEGAL STANDARDS

To proceed beyond a motion made pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) "does not countenance…dismissals based on a judge's disbelief of a complaint's factual allegations." *Twombly*, 550 U.S. at 556. A plaintiff need only "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

## I.   PLAINTIFF'S EXPECTATION OF DAIRY CREAM WAS REASONABLE

Plaintiff brings claims under GBL §§ 349 and 350, which New York's highest court has recognized are founded on the overarching belief that "[c]onsumers have the right to an honest market place where trust prevails between buyer and seller." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995).

Whether a representation is likely to mislead a reasonable consumer "is generally a question of fact not suited for resolution at the motion to dismiss stage." *Duran v. Henkel of Am., Inc.*, 450 F. Supp. 3d 337, 346 (S.D.N.Y. 2020).

Plaintiff also brings claims under DTPA Code §§ 17.41-17.63, which under Texas law "grants consumers a cause of action for another's false, misleading, or deceptive acts or practices." *Gomez v. Wells Fargo Bank, N.A.*, 310-cv-0381, 2010 WL 2900351, at *2 (N.D. Tex. July 21, 2010).

A.     "Coffee Creamer" was a Statement About Product's Composition

Defendant's attempt to show that "coffee creamer" "does not promise the presence of a particular ingredient" by citing "the dictionary that the [Complaint] relie[d] upon" is insufficient to support dismissal for multiple reasons. Def. Mem. at 16.

First, three of the four definitions pertain specifically to a dairy product, i.e., including "a small jug, pitcher, etc., for holding cream," "a container [] for separating cream from milk" and "a refrigerator in which milk is placed to facilitate the formation of cream."[2]

Second, Plaintiff alleged she was misled because "'coffee creamer' is almost identical to 'coffee cream,' defined by the FDA as a dairy product." Compl. ¶ 22.

Defendant's authorities focus on instances where foods made representations about their taste, i.e., "[a beverage] fail[ed] to taste like vanilla." Def. Mem. at 17 quoting *Jones v. Orgain, LLC*, 20-cv-8463, 2021 WL 4392783, at *1-3 (S.D.N.Y. Sept. 24, 2021)  ("vanilla bean flavor"), *Collishaw v. Coop. Regions of Organic Producer Pools*, No. 20-cv-09009, 2022 WL 3290563, at *5 (S.D.N.Y. Aug. 11, 2022) (same) and *Angeles v. Nestle USA, Inc.*, No. 21-cv-7255, 2022 WL 4626916, at *5 (S.D.N.Y. Sept. 30, 2022) (dismissing claims where "'Lemon & Lemon Zest' merely represent[ed] [] the product [wa]s lemon flavored.").

Defendant stretches these and other "flavor cases" too far, asserting that "[coffee creamer] only [promised] that the Product has a creamy taste and consistency," even though this term

---

[2] Creamer, Dictionary.com.

3

purported to define what it was, while the large font "French Vanilla – Artificially Flavored" described its taste. Def. Mem. at 18; Compl. ¶ 17.

Unlike *Spurck*, where the court was faced with a non-exclusive "list [of] ingredients for fudge that include[d] sugar, milk, and butter," no alternative definitions define "cream" and "coffee creamer" without "cream or dairy ingredients." Def. Mem. at 17 quoting *Spurck v. Demet's Candy Co., LLC*, 21-cv-05506, 2022 WL 2971957, at *3 (S.D.N.Y. July 27, 2022) ; Compl. ¶ 19.

Unlike "vanilla extract…[that] is not healthier – or materially different in any other way" from artificial vanilla, "[D]airy ingredients [] contain[] protein, calcium and vitamins A, D, E, and K, which are absent from [the Product's] refined vegetable oils like palm oil." *Pichardo v. Only What You Need, Inc.*, No. 20-cv-493, 2020 WL 6323775, at *2 (S.D.N.Y. Oct. 27, 2020); Compl. ¶ 25.

Consumers "value cream from dairy ingredients for its nutritive purposes" and, "[c]offee drinkers often add dairy products to soften its naturally strong taste." Compl. ¶¶ 2, 23. Coffee cream, which "is a specialized diary product made for whitening coffee," is defined as containing "not less than 18 percent but less than 30 percent milkfat." Compl. ¶ 9.

In contrast, "coffee whiteners" are typically non-dairy, stored "in the frozen food section" and manufacturers of such "products were [historically] careful to distinguish themselves from diary cream, including coffee cream" by using terms such as "A Vegetable Product – Contains No Milk or Milk Fat." Compl. ¶¶ 11, 16, 26.

B.    <u>"Coffee Creamer" and "Delightfully Creamy" was Sufficient to Expect Diary Ingredients without the Need to Investigate Further</u>

Defendant's argument that "the label would be, at most, ambiguous and the ingredient list clarifies any ambiguity," is contrary to New York and Texas law, which prohibit not only claims that are literally false but those with the capacity "to mislead even reasonable consumers acting

4

reasonably under the circumstances." Def. Mem. at 15 citing *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013) and *Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F. Supp. 3d 943, 958 (S.D. Tex. 2014) *citing Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939-40 (9th Cir. 2008) (following the Nineth Circuit holding that "reasonable consumers should [not] be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box."); *Mantikas v. Kellogg Co.*, 910 F.3d 633, 637 (2d Cir. 2018).

In *Mantikas*, the Second Circuit reversed the district court's dismissal of claims which alleged deception based on the crackers containing more whole grains than they did and held that "[a] reasonable consumer should not be expected to consult the Nutrition Facts panel on the side of the box to correct misleading information set forth in large bold type on the front of the box." *Mantikas*, 910 F.3d at 637. The same principle applies here.

Unlike the plaintiffs in *Chen* and *Geffner*, who expected a $2 steak that "c[ould] be consumed in hand, without the need for a fork and knife," and that "diet" in the context of sodas was "a generic promise of weight-loss," "[C]offee cream – also called light cream – is a specialized dairy product made for whitening coffee" available to consumers. Def. Mem. at 20 citing *Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500–01 (2d Cir. 2020) and *Geffner v. Coca-Cola Co.*, 928 F.3d 198, 199 (2d Cir. 2019).

## II.   PLAINTIFF ADEQUATELY ALLEGED INJURY

Defendant argues, in a footnote, that "[P]laintiff also fails to plead causation." Def. Mem. at 22 n.3 citing *Colella v. Atkins Nutritionals, Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018) (GBL) and Tex. Bus. Com. Code § 17.50(a).

A GBL action "is not subject to the pleading-with-particularity requirements of Rule 9(b) but need only meet the bare-bones pleading requirements of Rule 8(a)." *Pelman ex rel. Pelman v. McDonald's Corp.*, 396 F.3d 508, 511 (2d Cir. 2005).

Here, "[P]laintiff adequately alleg[ed] injury under GBL § 349 by claiming that [she] paid a premium for [the P]roduct based on the allegedly misleading representations." *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 287-88 (S.D.N.Y.2014). Plaintiff alleged the deception was that the Product was marketed as a coffee cream that is used as "a specialized dairy product made for whitening coffee" and resulted in "the Product [to be] sold at a premium price, approximately no less than no less than $3.39 for 32 FL OZ (946 mL), excluding tax and sales, higher than similar products, represented in a non-misleading way, and higher than it would be sold for absent the misleading representations and omissions." Compl. ¶¶ 9, 32.

The Product promised tangible qualities it lacked, and Plaintiff suffered an injury via her purchase. Plaintiff's injuries are established by her "general allegation[s] that [Plaintiff] would not have paid a price premium but for the defendant's misrepresentations." *Colpitts*, 2021 WL 981455, at *7; (alleging payment of a premium price without more was sufficient to properly allege injury); Compl. ¶ 31 ("Had Plaintiff known the truth, she would not have bought the Product or would have paid less for it.").

In *Colella*, the court's decision to not credit the price premium allegations was because the plaintiff alleged all Atkins products were marketed deceptively. *Colella*, 348 F. Supp. 3d at 143. However, plaintiff had failed to identify what he purchased and how much he paid. Here, Plaintiff does not attempt to sweep all of Defendant's products into the compliant and specified exactly how much she paid.

Defendant further argues that Plaintiff "does not actually allege that she reviewed the allegedly misleading representations before her purchase." Def. Mem. at 22 n.3 citing *Turk v. Rubbermaid Inc.*, 21-cv-270, 2022 WL 836894, at *8-9 (S.D.N.Y. Mar. 21, 2022). However, under GBL and DTPA "a plaintiff need not plead or allege reliance." *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 409 (S.D.N.Y. 2015); *see also Robinson v. Match.com, L.L.C.*, 10-cv-2651, 2012 WL 5007777, at *7 (N.D. Tex. Oct. 17, 2012).

## III.   REGULATIONS ARE NOT THE BASIS FOR PLAINTIFF'S CLAIMS

Contrary to Defendant's contention, Plaintiff is "'[] not rely[ing] on [federal regulations] for purposes of asserting a state-law consumer claim" because Plaintiff's allegations are brought under GBL and DTPA, not the FFDCA. Def. Mem. at 18-19 citing *PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1113 (2d Cir. 1997), *Verzani v. Costco Wholesale Corp.*, 09-cv-2117, 2010 WL 3911499, at *3 (S.D.N.Y. Sept. 28, 2010), and *Conboy v. AT&T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001).

Both "New York [and Texas] law and the FDCA prohibit food labels that are 'false or misleading.'" *Axon v. Citrus World, Inc.*, 354 F. Supp. 3d 170, 181 (E.D.N.Y. 2018) quoting 21 U.S.C. § 343(a)(1); *see also Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996). That Plaintiff is not seeking to privately enforce any regulation is evident because the misleading representations were made to her and consumers, not the FDA. *In re Bayer Corp. Combination Aspirin Prods. Mktg. and Sales Practices Litig.*, 701 F. Supp. 2d 356, 369 (E.D.N.Y. 2010) ("[t]he misrepresentation at issue in *Buckman* was not made to the plaintiff – or consumers at large – but to the FDA itself") *citing Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 352, 121 S.Ct.

1012, 148 L.Ed.2d 854 (2001).

## IV.   PLAINTIFF'S WARRANTY CLAIMS SATISFY THE ELEMENTS

### A.   New York and Texas Law No Longer Require Notice

While Defendant argues that Plaintiff's warranty claims must be dismissed because "notice must be given before initiating a lawsuit," this ignores that "notice requirements for breaches of warranty have long been jettisoned in New York state" for retail sales, and the statute makes no mention of filing suit. Def. Mem. at 25-26 citing N.Y. U.C.C. Law § 2-607(3)(a), *Lugones v. Pete & Gerry's Organic, LLC*, 440 F. Supp. 3d 226, 244-45 (S.D.N.Y. 2020) and *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201 (Tex. App. 2003); *Gavilanes v. Gerber Prods. Co.*, No. 20-cv-05558, 2021 WL 5052896, at *7 (E.D.N.Y. Nov. 1, 2021) citing *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-cv-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept. 28, 2000); *see also* N.Y. U.C.C. § 2-607(3)(a) (describing "reasonable," and not "pre-suit" notice). Tex. Bus. & Com § 2-607(3)(a) (same).

Plaintiff provided "reasonable notice" by (1) "purchas[ing] the Product…between June 1, 2022, and June 8, 2022," (2) "discovered [the] breach" that it lacked "cream, from dairy ingredients," and (3) "within a reasonable time [there]after…notif[ied]" Defendant through filing this action. Compl. ¶¶ 26; 47; N.Y. U.C.C. § 2-607(3)(a); Tex. Bus. & Com § 2-607(3)(a).

### B.   Alternative Criteria for Implied Warranty Provided

Defendant's argument against the implied warranty of merchantability fails because "[Plaintiff] [need] not [only] allege [the Product] was contaminated or otherwise unfit for consumption." Def. Mem. at 27 citing *Caronia v. Phillip Morris USA, Inc.*, 715 F.3d 417, 433-34 (2d Cir. 2013) and *Gedalia v. Whole Foods Mkt. Servs., Inc.*, 53 F. Supp. 3d 943, 958 (S.D. Tex. 2014); N.Y. U.C.C. § 2-314 (2)(a)-(f) and Tex. Bus. & Com § 2-314(2)(a)-(f) (listing six criteria).

First, the Product could not "pass without objection in the trade" as "coffee creamer" because it was "reasonably foreseeable" that consumers would expect dairy ingredients, because generic "coffee whiteners prominently disclosed they were not dairy products." N.Y. U.C.C. § 2-314(2)(a); Tex. Bus. & Com § 2-314(b)(1); *Custance v. Terex Utils.*, 2016 N.Y. Slip Op. 32171 (N.Y. Sup. Ct. 2016); Compl. ¶ 15.

Second, the Product was not "fit[] for [its] particular [nutritive] purpose," because "fats in dairy ingredients do not increase the risk of cardiovascular disease or [] cholesterol." N.Y. U.C.C. § 2-315; Tex. Bus. & Com § 2-315; Compl. ¶¶ 23-24, 85-86.

C.      Direct Privity Not Required

Although Defendant describes an absence of the "require[ed] privity" because "[Plaintiff] bought the Product at Walmart," her status as "a third-party beneficiary to 'the sales contract between'" Danone and retail stores obviates this requirement. Def. Mem. at 26 citing *Catalano v. BMW of N. Am., LLC*, 167 F. Supp. 3d 540, 556 (S.D.N.Y. 2016) and *Tex. Processed Plastics, Inc. v. Gray Enters., Inc.*, 592 S.W.2d 412, 415 (Tex. Civ. App. 1979); *Bristol Vill., Inc. v. Louisiana-Pac. Corp.*, 916 F. Supp. 2d 357, 363 (W.D.N.Y. 2013)  and *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017); Compl. ¶¶ 48, 73-74.

D.      Substituting Dairy with Vegetable Oils Meant Product was Not "Defect Free"

Defendant's challenge to the Magnuson Moss Warranty Act ("MMWA") violation is without support because "Coffee Creamer" was a "written affirmation" the Product would contain "cream or dairy ingredients beyond a *de minimis* amount of sodium caseinate." Def. Mem. at 29 citing *Bowling v. Johnson & Johnson*, 65 F. Supp. 3d 371, 377-78 (S.D.N.Y. 2014); 15 U.S.C. § 2301(6)(A); Compl. ¶ 75.

Though Defendant contends "coffee creamer" "[was a] 'product description,' which is not actionable under the MMWA," "substitut[ing] water and palm oil" for cream meant the Product

was not "defect free" because it lacked "[the expected] protein, calcium and vitamins A, D, E, and K." Def. Mem. at 29 citing *Bowling*, 65 F. Supp. 3d at 378 and *Chen v. Dunkin' Brands, Inc.*, No. 17-cv-3808, 2018 WL 9346682, at *6 (E.D.N.Y. Sept. 17, 2018) quoting 16 C.F.R. § 700.3(a) n.1; Compl. ¶¶ 20, 25.

## V.   COMMON LAW CLAIMS ARE ADEQUATELY PLED

### A.   Rule 9(b) Met by "Who, What, Where, When, and How"

While Defendant asserts the Complaint is bereft of "facts that would give rise to a 'strong inference of [intentional] fraud,'" Fed. R. Civ. P. 9(b) permits Plaintiff to "allege[d] generally" scienter. Def. Mem. at 23 citing *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006), *MedARC, LLC v. Aetna Health Inc.*, 20-cv-3646, 2022 WL 1057085, at *5 (N.D. Tex. Feb. 3, 2022).

Plaintiff provided the "who, what, where, when, and how," or "the first paragraph of any newspaper story" to satisfy Fed. R. Civ. P. 9(b). *Housey v. Procter & Gamble Co.*, No. 21-cv-2286, 2022 WL 874731, at *3 (S.D.N.Y. Mar. 24, 2022) citing *Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 39 F. Supp. 3d 516, 520 (S.D.N.Y. 2014); *see also U. S. ex rel. Frey v. Health Mgmt. Sys., Inc.*, No. 19-cv-0920, 2021 WL 4502275, at *5 (N.D. Tex. Oct. 1, 2021).

The "who" was "Danone North America Public Benefit Corporation." Compl. ¶ 44. The "what" is its "coffee whitener identified as a coffee creamer." Compl. ¶ 1. The "where" and "when" was at "Walmart, 8401 Anderson Blvd, Fort Worth, TX 76120, between June 1, 2022, and June 8, 2022." Compl. ¶ 47. The "how" was removing "cream or dairy ingredients beyond a *de minimis* amount of sodium caseinate." Compl. ¶ 19.

### B.   Unjust Enrichment Allowed in Alternative

Though "Texas does not recognize unjust enrichment as an independent cause of action," "fundamental principles of justice or equity and good conscience" means this count should remain

in the event the DTPA "provides [her] with no remedy with which to avoid [a] potential loss." Def. Mem. at 31 citing *Lilani v. Noorali*, 09-cv-2617, 2011 WL 13667, at *11 (S.D. Tex. Jan. 3, 2011); *Starcraft Co., A Div. of Bangor Punta Ops. v. C.J. Heck Co. of Tex.*, 748 F.2d 982, 988-89 (5th Cir. 1984).

Likwise under New York law, because even if unjust enrichment "simply duplicates" Plaintiff's GBL claims, Fed. R. Civ. P. 8(d)(2) permits her to "set out 2 or more statements of a claim [] alternatively or hypothetically." Def. Mem. at 31 citing *Zachmann v. Coleman Co. Inc.*, 20-cv-9146, 2022 WL 161480, at *8 (S.D.N.Y. Jan. 18, 2022); Compl. ¶ 92.

## VI.   PLAINTIFF CAN ASSERT HER MULTI-STATE CONSUMER FRAUD CLAIM

### A.   "Individual Elements" of Multi-State Consumer Statutes Not Required

While Defendant contends that the failure to "identify the specific statues at issue" should "result[s] in [their] dismissal," Fed. R. Civ. P. 8 "adopted the words 'claim' or 'claim for relief' in place of the term 'cause of action,'" in contrast to the ossified technicalities of the Field Code. Def. Mem. at 33 n.6 citing *Lee v. City of N.Y.*, 04-cv-2740, 2005 WL 2365320, at *2 (S.D.N.Y. Sept. 22, 2005), *aff'd*, 181 F. App'x 55 (2d Cir. 2006); *White v. Holland Furnace Co.*, 31 F. Supp. 32, 34 (S.D. Ohio 1939) quoting Fed. R. Civ. P. 8(a)(2) *compare with* Field Code of 1848 (requiring the pleader to provide "[a] statement of the facts constituting the cause of action.").[3]

What matters is not whether Plaintiff "f[ound] just exactly the prescribed combination of words and phrases" by "locat[ing] applicable statutes," but "the specified conduct of [the] [D]efendant upon which the [P]laintiff tries to enforce h[er] claim." *Thompson v. Allstate Ins. Co.*, 476 F.2d 746, 749 (5th Cir. 1973); *see also Steiner v. Southmark Corp.*, 734 F. Supp. 269, 273

---

[3] The Field Code was intended to simplify pleading, and was successful for a time, until it became as arthritic as what it sought to replace.

(N.D. Tex. 1990) (requiring to "only apprise the defendant of the time, place, and nature of fraudulent behavior and defendant's relationship thereto.").

Here, "[t]he facts constituting the tort were the same," because it was misleading to promote the Product as containing "cream or dairy ingredients" when it was made from vegetable oils. *Seaboard Air Line Ry. v. Koennecke*, 239 U.S. 352, 354 (1915); Compl. ¶ 29.

### B.     Decision on Multi-State Claims is Premature

Though Defendant contends Plaintiff "cannot assert claims for states from which she has no connection," the prudent course is "to defer standing objections until after class certification where [as here] certification issues are 'logically antecedent to Article III concerns.'" Def. Mem. at 34 citing *In re HSBC BANK, USA, N.A., Debit Card Overdraft Fee Litig.*, 1 F. Supp. 3d 34, 39 (E.D.N.Y. 2014), *on reconsideration*, 14 F. Supp. 3d 99 (E.D.N.Y. 2014); *Sw. Ref. Co. v. Bernal*, 22 S.W.3d 425, 433 (Tex. 2000); *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 221 (S.D.N.Y. 2016) quoting *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 612 (1997).

## VII.   NEXUS TO NEW YORK ALLOWS APPLICATION OF GBL

Even though "Plaintiff [] made her purchases in Texas," this "does not foreclose recovery" because Defendant's principal place of business here established "a New York locus for a transaction covered by the New York State consumer protection statutes." Def. Mem. at 22 citing *Zachmann*, 2022 WL 161480, at *3; *Leider v. Ralfe*, 387 F. Supp. 2d 283, 294 (S.D.N.Y. 2005).

**CONCLUSION**

For the foregoing reasons, the Court should deny Defendant's Motion or in the alternative grant leave to file an Amended Complaint.

Dated:     November 22, 2022

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
_____

spencer@spencersheehan.com
60 Cuttermill Rd Ste 412
Great Neck NY 11021
Tel: (516) 268-7080

**Certificate of Service**

I certify that on November 22, 2022, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan